CAMPBELL, administrator, *vs.* ROBERTS.

1. One who claims property advertised for sale by an administrator may assume the burden of proof by admitting that the administrator was in possession, and will then be entitled to open and conclude.
2. The production of a paper under notice by the opposite party dispenses with the necessity of proof, provided the party producing it claims any benefit thereunder.

Claims. *Onus probandi.* Administrators and executors. Notice to produce papers. Evidence. Before Judge SPEER. Henry Superior Court. January Term, 1880.

To the report contained in the decision it is only necessary to add that one ground of the motion for new trial was that a deed having been brought into court by the administrator under notice to produce by the claimant, being a deed from the intestate to the claimant, it was admitted in evidence without proof of delivery. (It is not directly stated that the deed was brought in under notice to produce, but such seems to have been the fact).

G. M. NOLAN; BOYNTON & HAMMOND, for plaintiff in error.

E. W. BECK, for defendant.

CRAWFORD, Justice.

The plaintiff in error, as the administrator of Thomas R. Roberts, was proceeding to sell certain land as the property of his intestate, when Moses Roberts interposed a claim. The jury, on the trial, found against the administrator, who moved a new trial, which was refused, and he excepted.

1. The first error complained of is, that the court allowed the claimant, upon admitting that the administrator was in possession of the land when the claim was filed, to open and conclude the argument.

In claim cases, where the property levied on is not in the possession of the defendant in *fi. fa.*, the burden is on the plaintiff in execution; if it is admitted to be in his possession, the burden with its corresponding rights shifts to the claimant. By §§3743–3744 of the Code, claims of property at sales by administrators are to be tried in the same manner, and under the same regulations, restrictions and penalties as provided for property levied upon by execution. Possession, not title, in defendants in ordinary claim cases is all that is required to be admitted by claimant. To have required the claimant to admit title in the administrator would have been to have required him to admit himself out of court. This is not law.

2. The second error arises upon the admission in evidence of the deed upon which the claimant relied, without proof of its delivery, the fact being that it had been produced by the administrator under notice.

This deed so produced, had the party against whom it was to have been used claimed any benefit under it, would have been admissible. Not seeing how or in what

way the administrator could have claimed a benefit under
a deed conveying title out of his intestate into the claimant,
we hold that the same did not come within the provisions
of §3836 of the Code.

The reason of the rule is founded in the fact that when
a paper is drawn out from the possession of a party claim-
ing title or other benefit under it, that the presumption of
the law is that he relies upon its genuineness and validity,
and, therefore, the producing dispenses with the proof.
Upon the other hand, also, the notice to produce dispenses
with proof, if the producing party wants to use the paper
against the party giving the notice. The deed being im-
properly admitted, the judgment below is reversed and a
new trial granted.

Judgment reversed.