*R. C. Norman*, contra.

---

## CABLE COMPANY *v.* PARANTHA, and *vice versa.*

1. The charges of the court complained of by direct exceptions in this case, when considered in connection with the entire charge, the..evidence and the verdict rendered, do not appear to have been necessarily·controlling. Acts of 1898, p. 92 ; Van Epps' Code Supp. § 6241.

2. A conversation between the attorneys of the respective parties, as to an important issue in the case, had in the absence of the party to be affected by the testimony, ought on objection to have been excluded.

3. When the defendant in a tort case assumed the burden of proof, and the plaintiff introduced no evidence and claimed the conclusion of the argument to the jury, this court can not say as matter of law that the court erred in refusing the plaintiff that privilege.

Submitted October 31, — Decided November 14, 1903.

Action for damages. Before Judge Toombs. City court of Washington. August 8, 1903.

*R. C. Norman*, for Cable Company.

*Colley & Sims*, contra.

TURNER, J. Joseph Parantha sued out, in Wilkes county, an attachment against the Cable Company, alleged .to be a corporation of the State of Illinois, returnable to the city court of Washington, and in his declaration he claimed damages against the defendant for suing out, maliciously and without probable cause, an attachment against himself under the Civil Code, § 4543, which attachment was levied on Parantha's house and lot in the city of Washington. Parantha further alleged that the judge of the superior court, on a hearing at the defendant's instance, removed the attachment. He further alleged, in his declaration against the Cable Company, that said attachment, being based on charges of fraudulent conduct, constituted a flagrant violation of his rights, and was a gross wrong upon him and upon his reputation, peace, and happiness, and did injure and damage him as an employee whose business it was to attend to important trusts and moneys of his employers, etc.. He claimed that he had been maliciously damaged in the sum of $650, and that he had been compelled to

employ an attorney at an expense of $50. The Cable Company filed an answer, admitting the material facts on which the suit brought by Parantha was founded, except that it denied that the attachment process sued out by the Cable Company was sued out maliciously. The Cable Company also pleaded that its attachment against Parantha was sued out by its business manager, on the advice of its attorney at Washington, R. C. Norman, Esq. The defendant, on account of the admissions contained in its pleas, assumed the burden of proof and introduced evidence to support its special pleas. The plaintiff, Parantha, introduced no evidence, and claimed the conclusion of the argument before the jury. The court refused the plaintiff this privilege; whereupon he excepted pendente lite, and he brings this question here by way of cross-bill. The jury returned a verdict for fifty dollars for the plaintiff, and the Cable Company filed a motion for a new trial on the formal grounds, and also an amended motion for a new trial, and set out in said amendment a complaint that the court erred in admitting in evidence before the jury the following testimony of R. C. Norman: "When the sheriff was entering his levy, which he made under my instruction and which at said time I drew upon said attachment, F. H. Colley, attorney for Parantha, stated to me that Parantha did not intend to defraud the Cable Company; and I replied that I knew [Parantha] did not intend to defraud the Cable Company, but that if he sold his house and lot, it would have the same effect upon the Cable Company." The objection to this testimony, then and there urged, was that Norman's statement was "irrelevant, inadmissible, and mere hearsay; that same was not a solemn admission made for the purpose of alleviating the stringency of some rule of practice or dispensing with the formal proof of some fact at the trial, but, on the contrary, was a mere statement of opinion made in casual conversation, out of the presence of the Cable Company and its agents, and not shown to have been communicated to them, and was subsequent to making said affidavit and the issuing of said attachment." The city court overruled the motion for a new trial, and the Cable Company sued out a bill of exceptions, assigning error upon certain charges of the court, averring that said charges necessarily controlled the verdict, and also complaining that the court erred in overruling the motion for a new trial.

1. After considering the entire charge of the court, the evidence adduced on the trial, and the verdict returned by the jury, we can not say that the charges complained of necessarily controlled the verdict of the jury.

2. In regard to the admission of the statement of R. C. Norman, Esq., which in the motion for a new trial is alleged to be irrelevant, inadmissible, and hearsay, it seems that he notified the attorney for Parantha that he had sent the attachment papers to the judge of the superior court, and that the attorney for Parantha asked him (Norman) to allow him to acknowledge service of the levy when the papers were returned, as Parantha would be out of the city, and it would save his wife the annoyance of the sheriff coming to her home and levying on the house and lot during her husband's absence. Norman agreed to this ; and when the attachment papers were returned by Judge Holden, Norman notified the attorney for Parantha, the two attorneys then found the sheriff and took him to Norman's office, and the entry of levy was there made. When the sheriff was entering his levy, which he made under Norman's instructions, the conversation between the two attorneys occurred, the admission of which is alleged as a ground for a new trial. Norman's statement in this conversation that he knew Parantha "did not intend to defraud the Cable Company, but that if he sold his house and lot it would have the same effect upon the Cable Company," may have had a damaging effect with the jury. In the case of *Farrar* v. *Brackett*, 86 *Ga.* 463, which was an action for damages on account of a previous suit alleged to have been maliciously instituted, the plaintiff, over the objection of the defendant, introduced in evidence certain sayings or declarations of W. C. Glenn, attorney for Farrar, made in the court-house during the pendency of the trover suit alleged to have been malicious. The opinion of the court (on page 467) on this point is as follows: "We think the ruling of the court admitting these declarations was erroneous. It was argued before us that they were admissible because they tended to show malice on the part of Farrar in suing out the bail-process. It was not shown that Farrar was present at the time the declarations were made, or that he ever ratified them. And we can not see how the declarations of an attorney made during the pendency of the case could be admissible to prove malice on the part of his client, es-

pecially as it appears that the client did not hear them and was not even present at that term of the court." In the present case, it also appears that no regular agent or general agent of the Cable Company was present when the statement of Mr. Norman was made. See, in this connection, the case of *Claflin & Co.* v. *Ballance & Sorrells,* 91 *Ga.* 411 (2), and also the case of *East Tenn. Ry. Co.* v. *Johnson & Shahan,* 85 *Ga.* 498 (3). It also appears that this testimony of Mr. Norman, which was admitted over defendant's objection, contained a statement by Mr. Colley, attorney for the plaintiff, "that Parantha did not intend to defraud the Cable Company." If Mr. Colley had given this opinion of his client's intention, on the stand as a witness for Parantha, its admission would have been error; and if he had at the trial, as counsel, made that statement to the jury, it would have been objectionable. Besides, Mr. Norman was present at the trial as a witness, and if he knew anything tending to show that Parantha did not intend to defraud the Cable Company (if not within the privilege of counsel), he could have been examined directly as to this matter, instead of drawing out of him a previous statement by him of a mere opinion, given under the circumstances stated. We therefore think that the court erred in admitting the statement complained of in the motion for a new trial.

3. The reversal of the judgment of the court below on the main bill of exceptions makes it necessary to consider the ruling complained of in the cross-bill of exceptions. It appears that the defendant filed what was claimed to be a plea of justification, assumed the affirmative of the issue, and introduced evidence to support its pleas. The plaintiff introduced no evidence at all, relying on the pleas and evidence of the defendant. It further appears that the plaintiff then claimed the opening and conclusion of the argument, which privilege the court refused, and Parantha excepted. In the case of *Moore* v. *Carey,* 116 *Ga.* 28, Mr. Justice Cobb, of this court (in the 5th section of the opinion, page 34), gives a learned and interesting discussion of the practice which has obtained in this State, under which the defendant is allowed the opening and conclusion of the argument when he introduces no testimony. He was unable to find any express authority in our system for the initiation of that practice, and he concludes the discussion as follows: "Without reference to what was the ori-

gin of this practice in this State, or whether the practice is founded upon sound reasons or not, we will not now disturb that which has been the uniform practice for more than half a century, which was expressly recognized by the General Assembly more than fifty years ago, and which has been allowed to prevail both by the bench and bar during that period of time." In this State, "In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as a justification; by such plea he admits the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue; but such plea shall not give to the defendant the right to open and conclude the argument before the jury unless it is filed before the plaintiff submits any evidence to the jury trying the case." Civil Code § 3891. For a long time, one of the standing rules of the superior court has provided that, in all cases of claim, where the burden of proof rests with the plaintiff in execution, he is entitled to the conclusion; but if the claimant introduces no evidence, he shall have the conclusion. Code of 1873, page 946, rule 13. That rule may also be found in the Civil Code, § 5644.

In the case of *Cothran* v. *Forysth*, 68 *Ga.* 560, which was a claim case, the claimant admitted possession in the defendant in fi. fa. after judgment, and assumed the onus. At the close of his testimony, counsel for the plaintiff then announced that they would introduce no evidence, and, after some other incidents of no significance on this question, the court below allowed the plaintiff the opening and conclusion of the argument to the jury. When the question was reviewed by this court, the ruling of the trial judge was affirmed. It is true that Mr. Justice Crawford dissented, but his dissent was based on his contention that the plaintiff had, as matter of fact, introduced testimony by recalling the claimant to the stand; and he closed his discussion of this matter by saying that "the plaintiff was entitled to the conclusion upon one condition only, and that was that he introduced no evidence." This is the nearest authority we can find for the practice claimed by the plaintiff in the cross-bill. It does not seem that the point we are asked to determine was contested or thoroughly considered. We know of no general practice in Georgia which gives the plaintiff, introducing no evidence, the conclusion when the defendant has assumed the burden of proof. It seems to prevail in some of the

circuits; in others it has not been established, according to our information.    As the General Assembly has, in legislating on this subject in tort cases, laid down the rule above stated (Civil Code, § 3891), and did not provide further for the special case we are treating, and there being no general practice on the subject and no legislative recognition of the right of the plaintiff to close the argument in the contingency stated, we can not say, as matter of law, that the judge of the city court erred in refusing to the plaintiff in error in the cross-bill the right to open and conclude the argument before the jury.    We decline to make law.

*Judgment on main bill of exceptions reversed ; on cross-bill affirmed.    All the Justices concur.*