## COX *v*. MACON RAILWAY AND LIGHT COMPANY.

BECK, J. In this case there was no motion for a new trial, nor was the verdict or any final judgment excepted to; and as it does not appear that those portions of the charge excepted to necessarily control the verdict against the plaintiff in error, they would not—even if for any reason inapplicable or erroneous—authorize this court under this procedure to adjudge that the verdict be set aside and a new trial granted. *Newberry* v. *Tenant*, 121 *Ga.* 561; *Anderson* v. *Wyche*, ante, 393.

*Writ of error dismissed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., not presiding.*

COBB, P. J. I concur in the judgment, for the reasons stated in my concurring opinion in *Anderson* v. *Wyche*, supra.

EVANS and LUMPKIN, JJ. We concur specially, under the decision in *Newberry* v. *Tenant*, 121 *Ga.* 561 (a decision of the entire bench). But we do not concur in the idea expressed in the headnote that in no case can there be an exception to a final judgment without making a motion for a new trial, except upon necessarily controlling rulings. Neither the decision in *Henderson* v. *State*, 123 *Ga.* 739, nor *Anderson* v. *Wyche*, in our opinion goes to that extent. Each of those decisions includes the absence of the evidence. In *Henderson's* case it was said: "There are two ways by which a case may reach this court. One is by the usual and ordinary methods of procedure. The other, for convenience, may be called the short form. . . It is not every error, but only necessarily controlling rulings, which may be segregated from the case, stripped from their surroundings, and brought to this court alone as successful grounds for a reversal." This refers to an effort to segregate and bring up necessarily controlling rulings (Acts 1898, p. 92), not to an exception bringing up the case generally, with brief of evidence and proper assignments of error. Civil Code, §§ 5528(1), 5530. If the rulings fell within the act of 1898, as necessarily controlling the verdict or judgment, under that act an exception to the verdict or judgment would seem to be provided for.

Argued November 28, 1905.— Decided August 17, 1906.

## Practice in Supreme Court.

Cox sued the Macon Railway and Light Company on account of personal injuries alleged to have been received, while alighting from a trolley-car, because of the negligence of the defendant's employees. The jury found for the defendant, and Cox excepted, not to the final judgment of the court, but to various portions of its charge to the jury, and brought the case here by direct bill of exceptions which contains fifteen grounds. The first, second, third, fourth, fifth, and eleventh grounds relate generally to portions of the charge with respect to the duty of the plaintiff to exercise ordinary care and diligence. The first ground assigns error upon this charge: "If the plaintiff in this case by the exercise of ordinary care and diligence could have avoided the consequences to himself caused by the negligence of the defendant company, its servants, agents or employees, then I charge you that the plaintiff is not in any event entitled to recover." The second ground complains of the following charge: "Before the plaintiff in this case is entitled to recover, it must appear from a consideration of the evidence in the case that at the time he contends he was injured that he was in the exercise of ordinary care and diligence; that is to say, that he was exercising at that time that care which every prudent man takes

under the same or similar circumstances and conditions. It is an essential element to the plaintiff's right to a verdict in the case that he must have been at the time in the exercise of ordinary care and diligence; that is to say, that his own negligence did not cause the alleged injury and damage of which he complains." These two excerpts from the charge were attacked upon the ground that they do not limit the time when, under the law, the plaintiff was required to exercise ordinary care and diligence to the time when the defendant's negligence had commenced or was known to the plaintiff. And for similar reasons the following portions of the charge were attacked in the third, fourth, fifth, and eleventh grounds of the bill of exceptions: "If you find from a consideration of the evidence in this case, under the rules of law as given you in charge by the court, that the plaintiff was not in the exercise of ordinary care and diligence, that is to say, that he was negligent, then I charge you that he would in no event be entitled to a verdict against the defendant company." "If, however, from a consideration of the evidence in the case you find that at the time of the alleged injury that the plaintiff was in the exercise of ordinary care and diligence, that is to say that he was not negligent, that he did not bring about by his own negligence the injury and damage of which he complains, then I charge you that you will proceed further in the case and see whether or not under the evidence, measured by the rules of law which I give you in charge, the defendant company, its officers, servants, agents and employees, brought about the alleged injury and damage of which the plaintiff complains, by reason of their negligence, or the negligence of any of the servants, employees, agents, or officers." "If, however, you believe from a consideration of the evidence in the case that the plaintiff was in the exercise of ordinary care and diligence, and that at the time of the injury he did nothing to bring about the injury and damage to himself, that the defendant company through its servants, agents, officers, and employees was not negligent, that is to say, that it exercised towards him the degree of care known as extraordinary care and diligence, that he was not at fault and the company was not at fault, then I charge you that he would not be entitled to recover in the case." "The jury will inquire what the evidence is touching this question; inquire whether the defendant has produced to the jury the agents and employees engaged in

the particular business out of which the injury grew, consider whether their testimony shows any negligence on their part, and, if so, what negligence, and how that negligence affected the plaintiff; the jury will inquire whether the car was operated as usual, and if· there was any jar to the car upon which the plaintiff was standing, whether that jar was brought [about] in the usual and ordinary operation of the car, or whether there was any negligence in the same, and, if so, what negligence, and whether such negligence caused the injury to the plaintiff, or, if there was such negligence on the part of the defendant, whether the plaintiff could have avoided the result thereof by the exercise of ordinary care and diligence on his part." These excerpts were also attacked because they did not state accurately the law applicable to ordinary care and diligence, and because some of them contain expressions of opinion on the part of the court as to what constitutes negligence. The charge excepted to in the sixth ground is as follows: "If the jury believes from the evidence that the plaintiff was in the act of alighting from the car, or was preparing to alight, and that the plaintiff's foot slipped, and that in consequence of his foot slipping the plaintiff was thrown from the car, and that this was not caused by any negligent moving or jerking or knocking of said car by the employees of the defendant in charge of the same, the plaintiff is not entitled to recover, and the jury will find for the defendant." The error assigned upon this language is that it is an expression of opinion of the court, or "a summing up by the court of what facts in the case would authorize the jury to find that the injury resulted from an accident." In the seventh and eighth grounds these portions of the charge are attacked: "The presumption of negligence which arises when a plaintiff shows that he has been injured by the running of the cars of a railroad company applies only to the acts of negligence alleged in the plaintiff's petition, and no presumption would arise as to any matters not alleged in the petition, and the defendant would not be under any duty to show that it was not negligent as to anything not alleged in the petition, but the presumption may be fully rebutted by the defendant by showing by a preponderance of evidence that it was not negligent in regard to the specific acts alleged in the declaration." "I charge you that if you believe that any presumption has arisen against the defendant under the rules of law I have given you in charge, then it is

not incumbent upon the defendant to show the cause of the plaintiff's injury, in order to rebut the presumption, but it may rebut the presumption by showing by a preponderance of evidence that its employees were not negligent in respect to the acts alleged in the petition." The error assigned is that the excerpts do not state correct principles of law, "in that the burden is upon the defendant to show that it is not guilty of any act contributing to or causing the plaintiff's injury." The twelfth ground alleges error upon this portion of the court's instructions: "If you believe from a consideration of the evidence in this case that at the time of the injury complained of the car was not suddenly, violently, negligently, and without any warning whatever moved or jerked or knocked, in the manner set forth in the declaration, then I charge you that the plaintiff is not entitled to recover in the case, and you will so find." And the criticism is that it "limited the jury in the consideration of the evidence to the acts of negligence set forth in the declaration." The instructions attacked in the thirteenth and fourteenth exceptions are as follows: "Now, in determining whether there was any sudden, violent, and negligent movement, jerk, or knock of the car, as contended for by the plaintiff in this case, you are authorized to take into consideration all the circumstances connected with the case, connected with the movement of the car and operation of the same at the time and place at which the plaintiff claims to have been injured; and you are authorized further to consider whether the car was moving at an unusual rate of speed or an ordinary rate of speed, whether the car was crowded; and you are also authorized to consider the conduct of the motorman and conductor in the effort to obey the instructions of the alleged passenger, and the motorman in the effort to obey the signal of his conductor, if any signals were given, and whether there was anything done by the motorman in charge of the car which would cause any sudden, violent, and negligent movement, jerk, and knock; and you are authorized to consider in this connection whether there were any other persons on the car, and if there were any, see if any other person experienced or felt any such violent, negligent, or sudden movement of the car; you may consider all these matters and determine what the true facts and circumstances with reference to the allegations of negligence in this petition are." "I charge you, that unless you believe from the

evidence in the case that the car upon which the plaintiff was riding was suddenly, violently, negligently, and without any warning whatever moved or jerked or knocked by reason of the negligence of the employees in charge of that car, the plaintiff is not entitled to recover in this action." The error assigned in these grounds is that the instructions "limited the jury in the consideration of the evidence to the conduct of the motorman and conductor in charge of the car on which plaintiff was riding, and excluded from their consideration any evidence of negligence on the part of the agent of the company in charge of the trailer; the plaintiff contends that the evidence shows that the negligence of the employee on the trailer car caused the jolt or sudden movement of the car on which the plaintiff was riding." The fifteenth exception is as follows: "Be it further remembered, that during the progress of said case the court charged the jury as follows: 'If you believe from a consideration of the evidence in this case that the plaintiff asked the conductor to stop the car at Poe street to enable him to alight, and if the conductor began to obey the instructions and to bring the car to a stop, and that simultaneously the plaintiff began to descend from the platform, and that each intended a proper object, the plaintiff to alight and the conductor to stop the car, and that in stopping the car the trailer bumped against the motor car unexpectedly to both the plaintiff and the conductor, and no negligence on the part of the company is shown from a consideration of the evidence in the case, then I charge you that the calamity was a pure accident, and the plaintiff can not recover for any injury growing out of the same, and you should find for the defendant in the case.' To this charge the plaintiff, by his counsel, then and there excepted, . . and says that this charge was error, (1) because the court expressed to the jury an opinion as to what facts would show the injury was the result of an accident. (2) This charge is error for the further reason that the court in it put the burden on the plaintiff to show negligence on the part of the defendant, instead of upon the defendant to show that it was not negligent, in that he charged the jury, if 'no negligence on the part of the company is shown from a consideration of the evidence,' the plaintiff can not recover."

*J. H. Hall* and *R. S. Wimberly,* for plaintiff.

*Roland Ellis,* for defendant.