TURNER *v.* ELLIOTT (two cases).

1. The sufficiency of the examination preliminary to the introduction of secondary evidence of a lost original is left largely to the presiding judge; and where he is satisfied· and admits secondary evidence, his discretion will not be interfered with, unless clearly abused.

2. In a claim case, where the claimant admits a prima facie case for the plaintiff in fi. fa., and assumes the burden of proof, he is entitled to open and conclude the argument before the jury, although the plaintiff in fi. fa. may not have introduced any evidence.

3. An instruction containing a correct legal principle, though inappropriate to the case, if not prejudicial to the contention of the losing party, affords no sufficient reason for granting a new trial.

4. A verbal inaccuracy in a charge, resulting from a palpable "slip of the tongue," and which clearly could not have misled the jury, is not cause for a new trial.

Submitted July 18, 1906,—Decided January 16,·1907.

Levy and claim.    Before Judge· Mitchell.    Berrien superior court.    January 9, 1906.

*Hendricks, Smith & Christian;* for plaintiff.

*C. W. Fulwood,* for defendant.

EVANS, J.    A fi. fa. issued from the county court of Berrien county in favor of J. S. Turner against I. H. Elliott, and was levied on three lots of land.    One of them was claimed by Mrs. Elvira Elliott, wife of the defendant, and the two other lots were claimed by the defendant as head of his family, as having been duly set apart as a homestead.    The two claims were tried together and verdicts returned for the claimant in each case.    The plaintiff in fi. fa. moved for a new trial in each case; which being denied, he excepts in separate bills of exceptions to the judgments refusing him a new trial.    Inasmuch as the cases were tried together, and the grounds of the motion in each are identical, we will consider both in this opinion.

1. Objection was made to the record of the homestead being received in evidence, on the ground that the original was primary evidence, and that its existence and loss had not been sufficiently established to admit secondary proof of the same.    Where a homestead has been duly set apart and recorded, the papers connected therewith become a muniment of title for the applicant and the beneficiaries. *Paschal* v. *Turner,* 116 *Ga.* 736.    The applicant was the proper custodian of the paper.    He testified that the original

homestead was delivered to him by the ordinary, but that he had not seen it for the past twenty years. While asserting positively that the homestead had been in his possession and had been misplaced, on cross-examination his diligence as to search was somewhat equivocal. Where the existence and loss of a document, or whether an exhaustive search for it has been made, are left in doubt, secondary evidence of the document is admissible. *Nolan v. Pelham,* 77 *Ga.* 262. The sufficiency of the preliminary examination to the introduction of secondary evidence of a lost original is left largely to the discretion of the presiding judge, and his discretion will not be disturbed except when clearly abused. *Cox v. McDonald,* 118 *Ga.* 414. There was no abuse of discretion in this instance.

2. In claim cases, where the burden of proof is continually shifting, it is sometimes difficult to determine which of the litigants are entitled to the opening and conclusion of the argument. The general rule of practice is that he who maintains the affirmative of the issue, and upon whom the law casts the burden of proof, is entitled to open and conclude. This general rule is subject to exception. When a plaintiff has undertaken to prove his case and the defendant submits no evidence, the prevailing practice is to accord to the defendant the right to open and conclude the argument. In such a case neither party makes any concession. Where a defendant admits a prima facie case in the plaintiff and pleads justification, or matter in avoidance of the plaintiff's prima facie case, the defendant should be allowed to open and conclude the argument, even though the plaintiff offers no evidence. *Cable Company v. Parantha,* 118 *Ga.* 913. If the party on whom the law imposes the burden of proof accepts from his adversary an admission of a prima facie case, in return for this admission his adversary should be given the right to conclude the argument. By the admission of a prima facie case a substantial benefit is bestowed. It is equivalent to saying, "I will concede your ability to make out a prima facie case; but I will undertake to show that notwithstanding such facts may exist, which without explanation or avoidance may entitle you to prevail, yet, when all the facts are before the court, and the case is fully developed, the admitted facts are inconclusive, and do not entitle you to prevail." By the admission of the facts necessary to make out a prima facie case, the party making the ad-

mission not only relieves his adversary of submitting the requisite proof, but he concedes the truth of such facts. *Royce* v. *Gazan,* 76 *Ga.* 79. When it is admitted by the claimant that the defendant in execution was in possession of the property at the date of the levy, the onus is upon the claimant to prove title, and the claimant ha§ the right to open and conclude the case. *Powell* v. *Westmoreland,* 60 *Ga.* 572. One who claims property advertised for sale by an administrator may assume the burden of proof by admitting that the administrator was in possession, and will then be entitled to open and conclude. *Campbell* v. *Roberts,* 66 *Ga.* 733. We think the rule laid down in the second headnote to be both sound and reasonable. In our investigation of this subject we have carefully examined the case of *Cothran* v. *Forsyth,* 68 *Ga.* 560, where the contrary rule seems to have been followed. As remarked by Mr. Justice Turner, in *Cable Co.* v. *Parantha,* supra, in referring to that case, "It does not seem that the point we are asked to determine was contested or thoroughly considered." In the *Cothran* case the claimant assumed the burden and offered himself as a witness to prove his case. After coming from the witness stand, the court permitted the witness to be recalled by the plaintiff for further examination, and the point of difference was whether this action of the plaintiff made the claimant his witness. A majority of the court was of the opinion that the trial court might allow the claimant to be recalled for further examination at the instance of the plaintiff, without making him the plaintiff's witness. The statement that where the claimant took upon himself the burden of proof, he was not entitled to conclude if the plaintiff introduced no evidence, seems to have been assumed, and not to have been a matter of controversy. The correctness of the legal proposition was not involved, but the whole question was its applicability to the case. For this reason we do not deem anything there said to be a modification of the general rule laid down in the earlier cases of *Powell* v. *Westmoreland,* and *Campbell* v. *Roberts,* supra.

3. The defendant in fi. fa. and the claimant were husband and wife. The undisputed evidence was that the claimant about 1877 inherited a sum of money from her parents, and grandparents, which she loaned to her husband, taking at the time his due bill therefor. This due bill was taken up several years thereafter by

the husband by executing a mortgage to the claimant, which was subsequently satisfied by a conveyance of the land embraced in the mortgage. The value of the land was less than the amount of the debt owed by the husband to the wife. The court charged that "a new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, must be in writing, either in the party's own handwriting, or subscribed by him or some one authorized by him." "A payment entered upon a written evidence of debt by the debtor, or any other written acknowledgment of existing liability, is equivalent to a new promise to pay." We agree to the criticism of the plaintiff in error that this charge is inapplicable and without evidence to authorize it. At the same time, we can not agree that it in any wise prejudiced his case.

Complaint is also made that the court charged the jury that "where a valid existing mortgage, not barred, is introduced by the defendant, the burden of showing that it was given in satisfaction of a barred debt would be on the plaintiff in the case." The objection to this instruction is, that, as the claimant had admitted a prima facie case for the plaintiff, the burden was not upon the plaintiff to show that the mortgage was given in satisfaction of a barred debt. This instruction likewise is not altogether appropriate to the case as made by the pleadings or the evidence. However, the plaintiff in fi. fa. has no just ground of complaint. Even though the debt from the husband to the wife may have been barred by the statute of limitations, it could have been revived by giving the mortgage. The statute did not extinguish the debt. *Comer* v. *Allen,* 72 *Ga.* 1. From a careful consideration of the evidence we are of the opinion that the case of the plaintiff in fi. fa. was not prejudiced by these inappropriate charges. The questions of good faith and fraud were very fully and fairly submitted to the jury by the court, and these were the controlling issues in the case.

4. The court charged as follows: "In this case the claimant admits a prima facie case, as it is termed in law, for the plaintiff, and assume the burden of proof, and the burden is upon the plaintiff to satisfy you by a preponderance of the evidence that the property is not subject to the execution or levy." The verbal slip in the use of the word "plaintiff" for "claimant," in the latter por-

tion of this charge, when taken in connection with the context, could hardly have misled the jury as to the judge's real meaning. It is quite clear that he intended to say that the burden was on the *claimant,* and not the *plaintiff,* to establish by a preponderance of evidence that the property was not subject to the levy. The great issue in a claim case is whether the property is subject to the levy; the plaintiff maintaining the affirmative, and the claimant the negative side of the issue. This issue is so paramount that an intelligent jury can hardly mistake on which side the respective disputants belong. As the plaintiff is always insisting, frequently with much vigor, that the property levied on is subject to his execution, the jury will not be presumed to have been misled by the verbal slip above set out. See, in this connection, *So. Ry. Co.* v. *Merritt,* 120 *Ga.* 409.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*