2303.    CENTRAL OF GEORGIA RAILWAY COMPANY *v.* BLACKMAN.

1. It is a close and doubtful question as to whether a losing party in a jury trial can by direct bill of exceptions (and without the intervention of a motion for a new trial) bring up for review alleged errors committed on the trial, where it does not appear that the verdict was necessarily controlled by the alleged errors.    The point is not decided.

2. A reversal will not be granted because the trial judge refused certain requests to charge, where the same matters are fully and fairly presented in the general charge.

3. Though the issue in the trial may present only a particular phase of a general legal principle which involves some things not directly perti-

.nent to the case on trial, it is not improper for the court to state the general principle to the jury, provided he instructs them as to its particular application and limits their investigation accordingly.

4. In an action by a railroad employee for injuries received through the alleged negligent act of a fellow servant, while it is true that the plaintiff must recover upon the particular negligence alleged, it is not error for the judge to charge the jury, in accordance with the statutes of this State as construed by the courts, that if the plaintiff shows that he was free from fault and that he was injured by the alleged act of the fellow servant, it is to be presumed, until the contrary appears, that the defendant was negligent, and that upon such a state of facts the plaintiff is prima facie entitled to recover.

5. It is not error, in a negligence case, to instruct the jury (if the facts make the instruction appropriate) that the plaintiff may show the defendant's negligence from the very happening of the injurious act in question, provided that the most reasonable inference to be drawn from the fact that the thing happened as it did is that if the defendant had not been negligent in the particulars alleged in the declaration, the thing would not so have happened.

6. If a plaintiff in a negligence case alleges a single specific act of negligence as the cause of his injury, he can not recover without showing that that act was negligent and proximately contributed to the injury. But if he shows that act, and shows that it was not only negligent, but also that it materially and proximately contributed to his injury, he is not precluded from a recovery because other unalleged acts of the defendant (whether negligent or not) may have concurred with the act alleged in bringing about the injury.

Action for damages; from city court of Savannah—Judge Freeman.    October 20, 1909.

Argued February 23,—Decided June 14, 1910.

*Lawton & Cunningham,* for plaintiff in error.

*Osborne & Lawrence,* contra.

POWELL, J.   Blackman sued the railroad company for personal injuries.   He was a boiler-maker in the defendant's shops.   A Pintsch gas tank, such as is used to supply gas on passenger cars, had become dented in a wreck.   The foreman ordered Blackman to repair it by a process which he prescribed, and recommended as being safe, though it was a new process so far as the shop in question was concerned.   Blackman had no special information on the subject—he had never had any previous experience in the repair of such tanks.   The process he was directed to use was that he should couple the tank to the compressed air pipes in use in the shops, and then heat the dented portion, with the view that as the heat softened the metal in the dent, the pressure of the air would cause this part of the tank to come back into symmetry with

the rest of its contour. The plaintiff coupled the tank to the air-hose, built his fire under the dent, and turned on the compressed air till the gauge which he had placed in the pipe line showed a pressure of 20 pounds. The foreman came up and, seeing that the plaintiff was using only 20 pounds pressure, opened wider the valve which turned on the air; telling the plaintiff not to be afraid, that the tank would stand a pressure of 250 pounds. When the foreman thus opened the valve, the pressure as shown on the gauge rose rapidly to 60 pounds. The indicator showed about this figure when the plaintiff last looked at the gauge; and a moment later the tank burst with a violent explosion. The plaintiff was injured; but the extent of his injuries need not be set forth, as there is no complaint as to the amount of the verdict.

The petition charged that the defendant knew (actually or constructively) that the tank was likely to explode when a high pressure of air was put upon it; that the plaintiff was free from fault; was inexperienced in the particular kind of work; was excusably ignorant of the dangers attendant on doing the work; was relying upon the express assurances and directions of the foreman that the work could be safely done; and that he could not have avoided the injury by any reasonable degree of care. He made four allegations of negligence: "(*a*) In putting plaintiff to work on said gas tank without giving him proper warning and instruction as to the danger of said work and the proper means of carrying it on; (*b*) in misinforming him as to the amount of pressure said gas tank would bear; (*c*) in turning on said compressed air and thereby increasing the pressure to a highly dangerous point, thereby causing said explosion; (*d*) in causing the explosion of said tank without warning or notifying plaintiff that it was likely to explode." The defendant brings the case to this court by direct bill of exceptions, having filed no motion for new trial. No point is made as to the legal sufficiency of the evidence to sustain the verdict. There is a general exception to the final judgment, but no assignment of error thereon. The plaintiff in error relies solely on seven exceptions to the charge of the court, which will be discussed in order.

The defendant in error has moved to dismiss the writ of error, on the ground, that a direct bill of exceptions will not lie in such a case; that the alleged errors were not such as necessarily to have controlled the verdict; that a motion for new trial was essential to

the raising of the points complained of.    The plaintiff in error says that the alleged errors are proper for consideration, though they do not control the verdict; that there should be a reversal if the errors were prejudicial, though not necessarily controlling within the purview of the act of 1898.    Logically speaking, this point ought to be decided at the outset; and if we were at all sure that we knew how to decide it correctly, we would shape this opinion accordingly; but we have decided not to decide it; for, upon looking at the exceptions, we find that though they present several right difficult questions, it is easier to decide them than it is to decide the point of practice; and the result we are reaching makes a decision on the practice question immaterial from a practical standpoint.    The profession will probably be willing to pardon this confessed judicial "dodging" if they will only undertake to form an opinion on the question of practice involved, in the light of the following decisions: *Ocean Steamship Co. v. Hamilton,* 112 *Ga.* 901 (38 S. E. 102) ; *Smith v. Smith,* 112 *Ga.* 351 (37 S. E. 407) ; *Ray v. Morgan,* 112 *Ga.* 923 (38 S. E. 335) ; *Darien Bank v. Clarke L. Co.,* 112 *Ga.* 947 (38 S. E. 363) ; *Cable Co. v. Parantha,* 118 *Ga.* 913 (45 S. E. 787) ; *Henderson v. State,* 123 *Ga.* 739 (51 S. E. 764) ; *Anderson v. Wyche,* 126 *Ga.* 393 (55 S. E. 19) ; *Cox v. Macon Ry. Co.,* 126 *Ga.* 398 (55 S. E. 232) ; *Cawthon v. State,* 119 *Ga.* 395 (46 S. E. 897) ; *Lyndon v. Ga. Ry. & Elec. Co.,* 129 *Ga.* 353 (58 S. E. 1047) ; *Taylor v. Reese,* 108 *Ga.* 379 (33 S. E. 917) ; *Taylor v. State,* 108 *Ga.* 384 (34 S. E. 2). The statement just made is not intended as a reflection on the Supreme Court, and involves no such reflection.    The general question involved is one upon which the judges of that court have, from time to time, honestly differed, and it is out of these differences that the doubt arises.    The *Lyndon* case, supra, has effected a partial reconciliation of the conflicting views; but a study of the question makes it palpable that the reconciliation is but partial.

2.    The first exception is to the effect that the court erred in not giving to the jury certain requested charges, instructing them that the petition did not allege certain acts as negligence, and that no verdict in the plaintiff's favor could be rendered on account of these unalleged things.    The judge stated to the jury the four acts of negligence relied on by the plaintiff, and explicitly informed them that the plaintiff could not recover for any other acts.    In-

deed, throughout the whole charge the judge was extremely careful in reiterating to the jury, from time to time, that the plaintiff was to be strictly confined to the acts of negligence he had alleged. Instead of excluding the few things mentioned in the requests to charge, he excluded everything not included in the petition. We have no hesitancy in saying that the requested instructions were fully covered by the general charge.

3. The next exception is that the court erred in charging the jury as follows: "The defendant is not an insurer against injury to its employees. Its duty is to exercise ordinary and reasonable care with reference to places to work and things upon which the servant was required to work, and to furnish reasonably safe appliances for the use of its employees. If you find from the evidence that the defendant did this *in respect to the matters involved in this case,* you will find in favor of the defendant. If there was a failure on its part to use that sort of care, and if an injury occurred *by reason of any negligence alleged and relied upon in the declaration,* and if you should further find that the plaintiff in the case is free from fault, he would be entitled to recover." (The italics are ours.) This and the fifth exception, in which complaint is made that the judge stated to the jury, in the language of §2611 of the Civil Code, the reciprocal duties and liabilities of masters and servants, may be considered together. The point is made that the judge should have confined the jury strictly to the particular theory charged in the petition, and that all reference to general duties and liabilities was immaterial and prejudicial surplusage. We can not concur in this view. Not only do the general doctrines constitute the foundations upon which the specific instance rests, but a statement of them also tends to illustrate and to make clearer the conditions upon which a liability would attach in relation to the particular matter alleged. There is certainly no prejudicial error in the court's stating the general doctrine to the jury, where, by his further instructions, he so carefully limits their investigation to the particular delinquency in issue as did the judge here.

4. The next exception is to the following charge: "In this case, if you find that the plaintiff was without fault on his part, and was injured by an explosion caused by the act of the defendant's foreman in turning on or directing the plaintiff to turn on an air pressure of sixty or sixty-five pounds into the tank under the con-

ditions then existing, defendant would be presumed to be negligent and would be liable to the plaintiff for such injury, unless you should find that the presumption has been removed in the manner hereinbefore set forth." The complaint is that this instruction authorized the jury to hold the company liable for negligence generally, and did not confine them to the particular acts alleged. The instruction was not erroneous. It related to the subject of burden of proof. The act in question was that of a fellow servant. Under the statutes in this State, where a plaintiff employed by a railroad company is injured by the alleged negligent act of a fellow servant, he raises a presumption of negligence, adequate (unless rebutted) to sustain a recovery, where he shows that he was injured by an act of a fellow servant and that he himself was free from fault.

5. The next exception is to the following charge: "Negligence may be shown by circumstances as well as by direct testimony, and a jury may in some instances presume negligence from the mere happening of an event. In such a case, all of the circumstances and surroundings accompanying the event or the happening of the event should be considered by them, and if it is such an event as in ordinary course of things would not have occurred if the defendant company had used ordinary care, they would be authorized to presume that the company was negligent, and to place upon it the burden of explaining the cause of the occurrence; and, in the absence of such explanation by it, they would be authorized to presume that the occurrence was caused by the negligence of the defendant or its agents. That applies, of course, gentlemen of the jury (as everything I shall say with reference to what constitutes negligence or not) to the allegations of negligence set up in the declaration, because you can not go out of the borders of the declaration for negligence upon which to find the defendant liable. If it is to be found liable at all, it is because it was negligent in some one or more of the ways in which the declaration declares it was negligent. Now, this rule I have just given you must be applied with caution, and the jury should consider all the surrounding circumstances of the case, and then determine whether the rule applies in view of those circumstances." The instruction, fairly construed, means that if the circumstances surrounding the happening of the thing that caused the injury were such as to make the in-

ference that the occurrence was proximately brought about by one or more of the particular acts of negligence alleged more reasonable than any other inference that could be drawn under the circumstances, the jury would be authorized to conclude that the defendant was negligent in the respects alleged. We understand this to be the rule of circumstantial evidence applicable in civil actions. It is sometimes called by the sonorous designation of res ipsa loquitur; but the name is not material; it is only the principle that is important.

6. What has been said above practically controls the remaining exceptions, but, to cover all the points raised, we will say a little more on the subject. Carefully analyzed, the burden of the complaint presented by all the other exceptions is that while the plaintiff was probably injured by an act for which the defendant was responsible, he ought not to hold his recovery, because he did not name that act in his petition. To make this plainer: the state of the evidence was such that the jury might have found that the explosion resulted from one of several causes: that some gas had been left in the tank, and that upon its becoming mixed with the air it exploded under the influence of the heat; or that by some chemical process the Pintsch gas had turned back into the original oil from which it is manufactured, and that, from the application of the air and heat, this oil had been vaporized into gas and had exploded; or that the compressed air, which is moister than the ordinary air, being forced against the hot metal under pressure, was converted into free hydrogen and oxygen, which, in combination with air, makes a dangerous explosive; or that the pressure of the air itself caused the explosion. The plaintiff's allegation was that the negligent cause of the injury consisted in the defendant's agent's "turning on said compressed air, and thereby increasing the pressure to a highly dangerous point." Under this allegation, if the turning on of the compressed air was a negligent and materially contributing cause of the explosion, the plaintiff would have been entitled to recover under his petition, though other negligent acts not alleged, such as leaving the gas or the gas-forming oil in the tank, may also have concurred in bringing about the result. In other words, if the tank would not have exploded, notwithstanding there was some of the gas or of the oil in it, if the compressed air had not been negligently forced into it, the plaintiff had

the right to treat the act of turning in the air as the proximate cause of the injury; especially when the defendant had not, by special demurrer or otherwise, caused the plaintiff to make his allegation more specific as to details. Hence, the insistence of the defendant that the court should have taken up the theories as to there having been gas in the tank, and as to there having been gas-forming oil in it, and should have told the jury that if they found one of these theories to be true, the plaintiff could not recover, is not well founded. Whether it was negligent to turn on the compressed air depended on the surrounding circumstances. We think, therefore, that the trial judge gave the jury the proper legal aspect of the case, as made by the pleadings and the evidence, when he instructed them in substance that the plaintiff would be confined to the allegations of his petition, but that if the thing alleged was a proximate cause of the injury, and was negligent, the plaintiff, if without fault, could recover. By shaping his instructions thus, he avoided the judicial quicksands which would have beset him if he had undertaken to explain to the jury how far the presence of gas or oil in the tank might or might not have affected the plaintiff's right to recover. He chose the simpler route,—that of telling the jury directly on what sole theory the plaintiff might recover, instead of attempting to define this same theory by a process of exclusion; and when it comes to charging a jury, simplicity coupled with accuracy is a thing much to be commended.                    *Judgment affirmed.*