LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al. v.*
YUDELSON.

1. Where a box of goods was shipped from New York City to a town in
   Georgia, and was there delivered by the last of the connecting line of
   carriers to the consignee, if such final carrier making the delivery re-
   ceived and held the through bill of lading issued by the initial carrier,
   on the trial of an action for damages brought by the consignee against
   the final carrier, on the ground that the box had been broken open and
   some of its contents lost and other articles damaged, the bill of lading,
   produced by the defendant under notice, was admissible in evidence on
   behalf of the plaintiff without proof of execution.
2. Although it was competent to show what goods were in the box when it
   started, and when it was delivered, and for that purpose to show the
   weight at the beginning and end of its transportation, and any admission
   which may have been made by the consignee in reference thereto, it was
   not error, upon objection, to refuse to allow a witness to testify that
   "plaintiff knowingly only paid the freight rate on two hundred and
   twenty-five pounds of freight" from the point of shipment to the point
   of delivery.
3. The criticism that certain expressions used by the court in his charge,
   in stating the issues, was calculated to prejudice the defendant's case,
   was not well founded.
4. There was no error in overruling the motion for a nonsuit.
5. Two juries having found in favor of the plaintiff on substantially the
   same evidence, the presiding judge having granted a first new trial but
   refused a second, no error of law having been committed on the trial,
   and the evidence authorizing the verdict, this court will not interfere.

FEBRUARY 17, 1911.

Action for damages. Before Judge Lewis. Greene superior
court. September 10, 1909.

*Joseph B. & Bryan Cumming* and *Park & Park,* for plaintiffs in
error. *James Davison,* contra.

LUMPKIN, J. A box of goods was shipped from New York to
Greensboro, in this State. The claim was made, that, on its ar-
rival and delivery, the box had been broken open and some of the
goods had been lost and some injured. The last carrier in the
through line was sued. Notice was served on such carrier to pro-
duce the bill of lading, and, on its production, it was admitted in
evidence without proof of its execution. The evidence does not
expressly show how the paper came into the possession of the de-
fendant, but it may be inferred that it took up the bill of lading
on delivery of the goods; or if not so, then it received the bill of
lading in connection with its transportation of the goods, and as
showing the authority and contract under which it acted. This

was sufficient to authorize its admission in evidence. To hold the paper as a receipt or voucher is a sufficient claim of benefit under it to meet the requirements of the Civil Code (1910), § 5832. That section does not require that the paper must be put forward in the particular case as a basis of claim by the party holding it. Otherwise there would be no need to serve such party with notice to produce it. If he holds a contract, receipt, or the like, under which in general he claims any benefit, this is sufficient. See, in this connection, Williams v. Keyser, 11 Fla. 234 (89 Am. D. 243, and note).

In *Campbell* v. *Roberts, 66 Ga. 733,* a claim was interposed to an administrator's sale. The claimant served notice on the administrator to produce in court a deed from the decedent to the claimant. Upon its production, it was admitted in evidence on behalf of the claimant without proof of execution. This was held to be error, because it did not appear "how or in what way the administrator could have claimed a benefit under a deed conveying title out of his intestate into the claimant." The distinction between that case and the present one is obvious.

Further than what is said above, the headnotes require no elaboration.　　　*Judgment affirmed. All the Justices concur.*