## 23557. METROPOLITAN LIFE INSURANCE COMPANY *v.* VICKERY.

DECIDED SEPTEMBER 26, 1934.

*Smith, Smith & Bloodworth, William H. Smith,* for plaintiff in error.

*Louis H. Foster,* contra.

MacIntyre, J. ■ On November 1, 1931, the Metropolitan Life Insurance Company issued a policy of insurance on the life of Frank Vickery in the sum of $1000, the premiums thereon of $1.44 being payable monthly. Frank Vickery was killed on April 9, 1932, in an automobile accident, and suit was brought on the policy. The policy itself acknowledged the receipt of the first premium, which put it in force until December 1, 1931; and a grace period of thirty-one days was to be granted for the payment of

every premium after the first. The plaintiff's evidence disclosed that there was paid to J. M. Cannon, the collecting agent of the insurance company, $1.44 on November 14, 1931, the same amount December 11, 1931, a like amount January 12, 1932, and again on February 29, 1932. If this evidence be taken as true, the policy, taking into consideration the days of grace, was in force at the time of the insured's death on April 9, 1932. The evidence for the insurance company given by its agent, Cannon, is that at the time of the making of the application by Frank Vickery, September 23, 1931 (the application stated that $1.44 was paid by Vickery at that time), this amount was advanced by Cannon for Vickery under an agreement, made with Vickery's sister, Mrs. Sanders, the witness for the plaintiff, and the one who made the subsequent payments on the policy, that this amount was to be repaid by her. The defendant's evidence further showed that on October 10, 1931, the policy was in the hands of Cannon for delivery and he delivered it to Mrs. Sanders, and she paid him $1.44 without instruction, and he pocketed it to reimburse himself for that amount already advanced by him. The receipt book given by the insurance company at the time of the delivery of the policy, and in which the plaintiff testified that the agent Cannon signed the receipts in the name of the company, was claimed to be lost, and the plaintiff was allowed to testify that Cannon, the agent, had signed the receipts in such book when the payments were made. Cannon admitted the payments for November, December, and January, but denied that any payment was made him in February as claimed by the plaintiff. Plaintiff's evidence denied making any payment to Cannon in October and showed that no agreement was made with Cannon with reference to the first premium, and that when the policy was delivered by the agent it had the receipt for the first premium marked thereon, and that there was no agreement with Cannon that he was to take the $1.44 paid him and reimburse himself for the payment of the first premium.

As was said by counsel for the plaintiff in error in his brief: "The determination of this question hinges upon the proposition of whether or not the first payment made by Mrs. Sanders to the company's agent amounted to the payment of a premium upon the policy to the defendant company, or whether it amounted to a reimbursement to the defendant company's agent personally for a

premium previously advanced by him. If Mrs. Sanders' first payment to the agent amounted to the payment of a premium upon the policy, this amount, together with other payments made by her, would be sufficient to keep the policy in force until April 9, 1932, the date of the insured's death." This question was certainly one for the jury to determine from the evidence submitted. They have found in favor of the plaintiff, and we are without authority to interfere.

It is further insisted that evidence as to the existence and contents of certain alleged receipts was improperly admitted in evidence, because no sufficient foundation had been laid for secondary evidence in reference thereto. The question of diligence in such a case is addressed to the sound discretion of the trial judge. Civil Code (1910), § 5829. This discretion will not be interfered with unless manifestly abused. *Cowart* v. *Fender*, 137 *Ga.* 586 (4) (73 S. E. 822, Ann. Cas. 1913A, 932); *Turner* v. *Elliott*, 127 *Ga.* 338 (56 S. E. 434). Under the showing made in this case, there was no abuse of such discretion in allowing the introduction of secondary evidence. The other special assignments of error are plainly without merit.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*