### 38794. GENERAL OGLETHORPE HOTEL COMPANY v. WOODS.

CARLISLE, Presiding Judge. Woods sued the General Oglethorpe Hotel Co. for an amount alleged to be due him on an open account for gratuities collected by the defendant on his behalf while he was employed as defendant's catering manager. The defendant, by its answer as amended, admitted an indebtedness to the plaintiff in a lesser amount. Upon the trial of the case, the court permitted the plaintiff to introduce a portion of a letter admittedly written by the defendant's auditor to the plaintiff, as follows: "That s.o.b. says he will be here within the next day or so, and we will get at your tips. I hope that I can make him pay up." The objections to this were that the letter was a personal communication between the auditor and the plaintiff; that there was no evidence to show that it was authorized by the defendant corporation; that it was introduced for the purpose of influencing the minds of the jury because of its intemperate language; that it was highly prejudicial; that it contained slander and that it was irrelevant and immaterial. The admission of this letter is assigned as error in special ground 1 of the motion for a new trial, and the failure of the court to exclude the intemperate portions is assigned as error in ground 2, and the failure to grant a mistrial on account of the admission of this letter is assigned as error in special ground 3. All of these grounds present substantially the same question.

While it is true that there was no evidence introduced to show that the letter was authorized by the defendant corporation and, consequently, it was not admissible under *Code* § 4-315

(*East Tenn. &c. Ry. Co. v. Johnson & Shahan,* 85 Ga. 497
(3), 11 S. E. 809; *Cable Co. v. Parantha,* 118 Ga. 913 (2),
45 S. E. 787; *Bazemore v.¡ MacDougald Constr. Co.,* 85
Ga. App. 107 (2), 68 S. E. 2d 163; *Atlantic Coast Line R. Co.
v. Marshall,* 93 Ga. App. 134, 137 (8), 91 S. E. 2d 96),
the harmful effect of such evidence, if any, insofar as the
defendant is concerned, could have been no more than to admit
some·indebtedness to the plaintiff. But this had already been
admitted by the defendant in its pleadings and by the de-
fendant's witnesses on direct and cross-examination. ··There
was no objection that such letter was hearsay, and the mere
fact that it was a personal communication between the audi-
tor and the plaintiff or that it was introduced for the pur-
pose of influencing the minds of the jury by its intemperate
language, did not per se render it inadmissible. The other
grounds of objection were entirely too general to present any
question for decision. The admission of this evidence over the
objections urged was not harmful error, and the trial court did
not err in overruling the three special grounds of the motion
for a new trial.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*

DECIDED APRIL 25, 1961—REHEARING DENIED MAY 8, 1961.

*Aaron Kravitch,* for plaintiff in error.
*Robert E. Falligant,* contra.