WILLIAMS, relator, *vs.* CLARKE, judge.

[This case was brought forward from the last term, under §4271 (a) of the Code ]

1. *Laches* of counsel in perfecting service of a bill of exceptions confers no right upon his client to have a second bill.
(*a.*) The law allows but ten days for service of a bill of exceptions, and makes no difference on account of the fact that some of the defendants in error reside in other counties than that of the venue of the suit. Non-residence of parties and absence of counsel from home are provided for by allowing service on counsel by leaving a copy at his house. No excuse is made for not so serving in this case.
2. This court will always reluctantly issue a *mandamus nisi* to the judge of the superior court, requiring him to show cause why he should not sign and certify a second bill of exceptions in the case and on the same points as the first. It will never do so, unless diligence be shown in respect to the first, and the case is exceptional by reason of providential intervention, or some other reason equally strong.

February 20, 1883.

Practice in Supreme Court. At February Term, 1883.

On January 20, 1883, during a regular term of Terrell superior court, John Williams moved to be allowed to file exceptions *pendente lite* in the case of Jones, administrator, *vs.* Bartlett *et al.* Petitioner alleged that the case

had been tried at the May term, 1882, of such court; that, after the adjournment of court, he had excepted and carried the case to the Supreme Court, where it was dismissed as prematurely brought.

The presiding judge refused the motion to file exceptions *pendente lite* on this showing, and movant excepted. The bill of exceptions was certified and handed to counsel for plaintiff in error (Hon. D. A. Vason, who lives in Albany), on January 23, the day of the decision. The petitioner, who lives in Schley county, states that this bill of exceptions did not reach him until nine days after it was certified, and then, by reason of the fact that the defendants in error lived a long distance apart, and in different counties, it was impossible to serve them in a day. This bill of exceptions was never filed, and no service was perfected. Accordingly a second bill of exceptions was prepared and presented to the judge on February 12, 1883, (still within thirty days from the decision complained of). The judge refused to sign it, on the ground that he had already signed one bill of exceptions to the same ruling. Thereupon a *mandamus nisi* is asked.

W. A. HAWKINS, for relator.

No appearance for defendant.

JACKSON, Chief Justice.

The *mandamus nisi* is denied. The plaintiff's counsel is in *laches*, or at fault, in the language of our Code. Service could have been made of the first bill of exceptions by him on counsel on the other side, and no reason is given why it was not done, or even that the counsel declined to acknowledge service. Code, §4258.

The fact that defendant himself did not receive the bill of exceptions until nine days after it was signed, cannot relieve the *laches* of the counsel who received it on the day it was signed and certified. The fact that the defend-

ants to the bill of exceptions resided in different counties, and could not be as readily served. does not alter the case. The law allows but ten days for service; and makes no distinction, as respects time of service, between cases where there is one or a number of defendants, or between cases where all the defendants reside in the county of the venue, or some of •them in other counties. The statute provides for non-residence of defendant and absence from home of his counsel, by authorizing service on the attorney by leaving a copy of the bill of exceptions at his residence. No excuse is made that this was not done. Code, §4259.

This court will always and in all cases reluctantly issue a *mandamus nisi* to the judge of the superior court to show cause why he did not sign and certify a second bill of exceptions in the same case on the same points; it will never do so unless diligence be shown in respect to the first, and the case is exceptional by reason of providential intervention, or some other reason equally strong. In this case, there is *laches* and no good reason at all for the necessity of a second bill of exceptions.

*Mandamus nisi* denied.