## ANDERSON, administrator, *v.* WYCHE.

This case having been brought up by direct bill of exceptions (no motion for a new trial having been made and no brief of evidence filed), assigning error upon specified rulings of the court in the admission of evidence, and it not appearing that the verdict was necessarily controlled by any one or more of such rulings, or even that injury resulted therefrom (the evidence being admissible for one purpose), they can not be reviewed; and therefore the writ of error must be dismissed.

(Per LUMPKIN, J.)   As indicated in *Henderson* v. *State*, 123 *Ga.* 749, I
incline to the opinion that a judgment of affirmance would be the better
judgment; but as no reversal can be had on this bill of exceptions, and
as the result is the same, the form of judgment is not of great mate-
riality.

Argued November 27, 1905.—Decided August 17, 1906.

Practice in the Supreme Court

J. L. Anderson, as administrator with the will annexed of C. H.
Freeman, deceased, sued W. J. Wyche for the recovery of two de-
scribed parcels of land situated in South Macon, Bibb county.
Three separate defenses were filed to the action, viz.:   (1) Title
in the defendant under a sale of the land in question for State
and county taxes due by the estate of Freeman.   (2) Title by seven
years adverse possession under written evidence of title.   (3) Es-
toppel by reason of the following facts:  Plaintiff, as administrator
of the estate of Freeman, refused to redeem the property in ques-
tion within the time prescribed by the statute, after its sale by the
sheriff to the commissioners of Bibb county for taxes against the
estate of Freeman, and authorized the commissioners to sell the
property to defendant for the amount of such taxes; and defendant,
having been informed by the commissioners that plaintiff had given
them such authority, paid such taxes, the benefit of which payment
was received by the estate of Freeman, and took a deed from the
commissioners to the property.   On the trial there was a general
verdict for the defendant.   Plaintiff, without moving for a new trial,
filed a direct bill of exceptions.   The only evidence contained in the
bill of exceptions is certain documentary evidence offered by defend-
ant and admitted over specified objections of the plaintiff.   No other
evidence introduced is referred to in any way.   Such documentary
evidence and the objections urged thereto are as follows:   (a) Re-
turn of the property of the estate of C. H. Freeman for 1895, for
taxation, made under oath by "Legare Walker, Agent," wherein the
realty owned by the estate was valued at $5,000.   This return was
objected to on the ground that "it should have been made by the ad-
ministrator of the estate, he being resident."   (b) "The sheriff's
tax deed to the County of Bibb, and the tax execution attached
thereto, dated Aug. 4, 1896, conveying the land in dispute; the tax
execution being issued by the tax-collector of Bibb county against
'Legare Walker, Agent Estate of C. H. Freeman,' and levied upon

the land in dispute, dated Dec. 20, 1895, for taxes 1895, amount
$65.00." "The objections to the execution being that the same
could not be levied on the property of the 'Estate of C. H. Free-
man' as is here defined, and that the execution could not be issued
against 'Legare Walker, agent estate of C. H. Freeman,' but only
against the administrator of the estate of C. H. Freeman, who
should have notice; and to the deed, that the sheriff had no authority
of law to make a deed at tax sale to the County of Bibb." (c) "The
following orders of the Bibb County Commissioners, . . entered
on minutes of Board, Aug. 4, 1896: 'Ordered, that J. F. Means,
as Agent of this Board, buy in, and for the county, all property this
day sold by Sheriff for State and County taxes, subject to the terms
and conditions contained in the order of this Board on this subject,
of date May 1, 1894, and recorded on page 325 of these minutes.'
'Ordered, that J. F. Means, in the name and behalf of this Board,
be authorized and empowered to buy. all property this day sold
by Sheriff Wescott of Bibb County, for State and County taxes,
under and by virtue of tax fi. fas., bidding in each case only.
the amounts due and accrued costs: Provided no one else bids
such amount and costs: Provided further, that the property thus
bought is not to be paid for until said Means as Agent of this Board
has been put in possession of the same.' Entered on Minutes of
Board May 1, 1894." "The objections to said order being that the
Board had no authority of law to authorize any one to buy land at
tax sale for the County of Bibb." (d) "The following order of the
Board of Bibb County Commissioners: 'The clerk was given the
power to sign deeds.' Certified copy of the Minutes of said Board,
of date Jan. 9, 1897." "The objection being that the Board of
Commissioners has no authority of law to authorize the clerk to
sign deeds for the county generally, this not being a specific author-
ity to sign any particular deed to certain lands; also that the Board
can not authorize the clerk to sign any deed to any land, legally,
belonging to the County." (e) "A deed from the County of Bibb
to W. J. Wyche, conveying the land in dispute, signed, 'The County
of Bibb (Seal),' printed in the deed by 'S. C. Davis, Commis-
sioner.' The consideration of said deed being $84.92. Said deed
dated 16th Aug., 1897, reciting bought at the tax sale of Aug. 4th,
1896, also reciting the power given to the Clerk to sign the deed."
"The objections to said deed being that the County of Bibb could

not hold or sell the land described, being bought at the tax sale, there being no authority of law for the same; also that the execution is defective in being signed by S. C. Davis as Commissioner, no authority being shown to authorize such execution of the deed; also because the deed is not signed by the County Commissioners." The bill of exceptions recites: "The above papers were allowed in evidence by the court to show title and color of title in the defendant, W. J. Wyche, for both purposes, over the objections as set out." Error is specifically assigned upon the ruling of the court in admitting, over plaintiff's objections, each particular piece of documentary evidence hereinbefore set out.

*M. G. Bayne,* for plaintiff.   *Lane & Park,* for defendant.

LUMPKIN, J.   (After stating the case.)   As will appear from the foregoing statement, there was no motion for a new trial, nor was any brief of the evidence brought up.   The only evidence set out in the bill of exceptions, or in any way referred to therein, is the documentary evidence incorporated in the report of the case preceding this opinion, and which was offered by the defendant and admitted by the court, over plaintiff's objections, as the bill of exceptions recites, "to show title and color of title in the defendant." It is apparent that the defendant on the trial was insisting on his plea of prescription under color as well as on his plea of title, and introduced at least some evidence (the documents set out in the bill of exceptions) in support of both of these pleas.   Such documentary evidence was clearly admissible as color of title.   *Luttrell* v. *Whitehead,* 121 *Ga.* 699, and cases cited; *Benedict* v. *Gammon Seminary,* 122 *Ga.* 412.   What other evidence, if any, defendant submitted to the jury to support the plea of prescription does not appear.   So far as this court is informed to the contrary, the defendant may have introduced, in support of his plea of prescription, such other evidence as, taken in connection with the documentary evidence set forth in the bill of exceptions, legally demanded a verdict in his favor on that plea.   The sheriff's deed to the County of Bibb was executed August 4, 1896, and the suit was brought August 11, 1904.   If no adverse possession could begin until the expiration of twelve months from the date of the sheriff's deed, in which period the plaintiff had the right to redeem the property sold at the tax sale, still suit was not entered until seven years had elapsed after the expiration of such period, and there may have been

ample evidence of adverse possession of the land in question, for seven years, under written evidence of title, by the defendant and the county under which he held. It seems, too, that the evidence incorporated in the bill of exceptions was admissible as to the plea of estoppel. What other evidence, if any, in support of this plea was introduced does not appear. The verdict was general—not indicating upon which plea it was rendered, and was received without objection. As already indicated, the evidence may have demanded the verdict under the plea of seven years adverse possession under written evidence of title, or under the plea of estoppel, or under both of these pleas. In order for this court to reverse a judgement two things—error and injury—must appear. *Collier v. Murphey,* 108 *Ga.* 777. It may be granted that the court erred in admitting all of the documentary evidence set out in the bill of exceptions, for the purpose of showing a valid paper title under a tax sale; still, in view of what we have said, it does not affirmatively appear that plaintiff was injured by such error. It certainly does not appear that the verdict was necessarily controlled by this ruling of the court. In order that a reversal may be had where a case is brought to this court, not as a whole, or after a motion for a new trial has been made and overruled, but by a direct bill of exceptions, merely bringing up and assigning error on particular rulings, it must appear that "the judgment, decree, or verdict has necessarily been controlled"—not possibly affected, but necessarily controlled—by such rulings. "It is not every error, but only necessarily controlling rulings, which may be segregated from the case, stripped from their surroundings, and brought to this court alone as successful grounds for reversal." *Henderson v. State,* 123 *Ga.* 739, 749. It follows that the rulings complained of in the bill of exceptions do not authorize a reversal; and in accordance with the previous rulings of this court the writ of error must be dismissed. *Henderson v. State,* supra. As stated in the opinion in that case, I incline to think an affirmance the better judgment. But the result is the same.

 *Writ of error dismissed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., not presiding.*

 Cobb, P. J., concurring. In *Harrell v. Tift,* 70 *Ga.* 730, it was held that there must be a valid exception to some final ruling of the court below on which to predicate other assignments of error, and that a bill of exceptions which did not assign error upon the

final judgment would be dismissed, even though there were valid assignments of error upon rulings made pendente lite. This decision was followed in *Kibben* v. *Coastwise Dredging Co.*, 120 *Ga.* 899, and in *Newberry* v. *Tenant*, 121 *Ga.* 561. In the case just cited it was also held that a statement in a bill of exceptions that plaintiff excepted to "said verdict and judgment as being contrary to law" was not a valid assignment of error upon the final judgment in the case. It is to be noted that this ruling is based on *Rodgers* v. *Black*, 99 *Ga.* 142. In that case the writ of error was not dismissed, but the judgment was affirmed. In the present case the only assignment of error upon the final judgment is in the following language: "Plaintiff alleges that the verdict is contrary to law." Under the rulings above referred to this is not a valid assignment of error upon a final judgment. As I am bound by these rulings, I concur in the judgment dismissing the writ of error. If the question were open, I would follow the view indicated by Mr. Presiding Justice Lumpkin in the case of *Haskins* v. *Bank of the State of Ga.*, 100 *Ga.* 216. That seems to me to be the sound, logical, and proper view of the matter. I can see no answer to his argument. While I concur in the judgment dismissing the writ of error, I can not concur in the reasons given by the majority of the court for that judgment. The reasons which constrain me to dissent from the reasoning of the majority will be found in the majority opinion in *Cawthon* v. *State*, 119 *Ga.* 395, and in the dissenting opinion in *Henderson* v. *State*, 123 *Ga.* 739.