### 1788, 1789.   CENTRAL OF GEORGIA RAILWAY COMPANY
### *v.* WALDO, administratrix.

1. A judgment of the court on demurrer, not excepted to, becomes the law of the case, and unless an amendment to the petition, made subsequently to the judgment on demurrer, materially changes the cause of action, the petition is not again open to demurrer.

2. "Where the controlling question in a case is presented by a cross-bill of exceptions, and the judgment of the lower court thereon is reversed, the writ of error issued upon the main bill of exceptions will be dismissed.

Action for damages, from city court of Savannah—Judge Freeman.   January 18, 1909.

Argued May 19,—Decided November 9, 1909.

*Lawton & Cunningham, H. W. Johnson,* for plaintiff in error.

*Twiggs & Gazan,* contra.

HILL, C. J.   Victoria Waldo, as the widow of Tillman Waldo, in her own right and as administratrix of the estate of Tillman Waldo, filed a suit to the July term, 1908, of the city court of Savannah, against the Central of Georgia Railway Company, to recover damages for the negligent homicide of Tillman Waldo, who was an employee of the defendant company.   The petition contained three counts.   Count 1 was based upon the statute law of Georgia, for the negligence of the defendant company in not supplying safe implements and instrumentalities.   Count 2 was based upon the provisions of the "safety-appliance" act of Congress; and count 3 was based upon the Federal "employer's liability act" of 1898, giving to employees engaged in interstate commerce a right of action for the negligent conduct of their employers.   At the first term of the court the defendant filed its general and special demurrer, attacking the petition, for misjoinder of parties and for misjoinder of causes of action, for insufficient allegations of negligence, etc., and also attacking the constitutionality of the Federal "employer's

liability act." On November 24, 1908, the defendant filed an amendment to the original special demurrer, further attacking the sufficiency of the allegations of the petition; but this amendment was objected to by the plaintiffs, on the ground that it was filed too late, not having been filed at the first term; and the court disallowed the amendment. After argument had on the demurrers before the court, the general demurrer attacking the constitutionality of the Federal "employer's liability act" was overruled, and the demurrer alleging misjoinder of parties and causes of action was sustained. This order was entered December 21, 1908. The defendant took no exception to the order overruling its general demurrer attacking the constitutionality of the Federal "employer's liability act," upon which count 3 of the petition was based. Subsequently the plaintiff, in compliance with the order of the court, amended her petition, by striking therefrom counts 1 and 2, and elected to proceed under count 3 of the petition. This amendment was duly allowed, and thereupon the defendant, on December 23, 1908, filed its second demurrer, to the petition as thus amended, incorporating in this second demurrer the same grounds which previously appeared in its amendment to its special demurrer which was not allowed by the court, because not filed at the first term; and also in this second demurrer renewed the ground of demurrer which had been overruled on December 21, 1908, and to which judgment the defendant had filed no exceptions. Plaintiff objected to a consideration of this second demurrer, (a) because the question therein raised were res adjudicata; (b) because the amendment to the petition was not of such material character as to again open the same to demurrer, and (c) because the new grounds in the special demurrer, which were not in the original demurrer, were too late as being after the first term. The court overruled the motion to strike the second demurrer, sustained certain grounds of special demurrer, and overruled the ground of general demurrer. To the judgment of the court overruling the grounds of its second demurrer the defendant company excepted, and these exceptions are now pending in this court on the main bill. The plaintiff excepted to the order overruling the motion to strike the second demurrer, and this exception is now before this court on cross-bill. The decision on the question presented by the cross-bill will necessarily control the question raised by the main bill, because, if the court below

erred in entertaining the second demurrer, its rulings thereon became immaterial.    In other words, if the judgment attacked by the cross-bill is reversed, the question raised by the main bill need not be specifically dealt with, and the main bill will be dismissed.    We will, therefore, consider first the questions made in the cross-bill of exceptions.

The general demurrers filed at the appearance term by the defendant company made an attack on all three of the counts of the petition, on the ground that the allegations of the petition failed to show any cause of action, and on the further ground that the Federal "employer's liability act" was in violation of the Federal constitution.    The court overruled both grounds of demurrer, and to this judgment the defendant did not take any exceptions.    The law of the case as to these matters was settled, unless the amendment of the petition, in compliance with the order of the court striking therefrom counts 1 and 2, was such a material amendment as again opened the petition to demurrer.    Section 5068 of the Civil Code declares that "an amendment to a petition, or plea, or answer, which materially changes the cause of action or defense, opens the petition, plea, or answer as amended, to demurrer or plea."    It is therefore plain that it is not every amendment that opens the door to renewed attack by demurrer upon the petition, but such amendment must be one which "materially changes the cause of action." *Neal* v. *Davis Foundry and Machine Works,* 131 *Ga.* 703 (63 S. E. 221).    In other words, an immaterial amendment to a petition, in the language of Judge Russell in *Missouri Insurance Co.* v. *Lovelace,* 1 *Ga. App.* 456 (58 S. E. 98), gives no right "to dig up a dead demurrer and have its efficiency again passed upon."    The Supreme Court, in construing §5068 of the Civil Code, supra, has held that "an amendment which does not so change the plaintiff's petition as for the first time to make a particular defense available is not to be regarded material within the meaning of that section." *Quillian* v. *Johnson,* 122 *Ga.* 54 (49 S. E. 801) ; *Southern Bell Tel. Co.* v. *Parker,* 119 *Ga.* 729 (47 S. E. 194) ; *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280) ; *Gibson* v. *Thornton,* 107 *Ga.* 545 (33 S. E. 895).    Applying this well-settled principle of law to the present case, let us see if the amendment to the plaintiff's petition constituted such a material change in the cause of action as again opened the petition to demurrer.    There were three counts to this petition.

Each count was complete in itself, and each specified with particularity the facts to support it. The amendment struck from the petition all of counts 1 and 2, and this left the petition pending, with count 3 alone as constituting plaintiff's cause of action. By reference to the record it will appear that no additional allegations whatever were added to count 3 by the amendment, and none of the existing allegations were in the slightest degree changed. As to this count, therefore, the defendant's liability was in no way increased or altered, nor did the amendment deprive it of any defense which it had to the original petition. No new matter was injected into the petition by the amendment, which, for the first time, made a particular defense available. The mere amplification of allegations of a petition will not ordinarily open the petition to demurrer, nor will the mere fact that certain allegations are stricken therefrom open it to demurrer. We are, therefore, clear that the mere striking of counts 1 and 2 from the petition, and leaving the petition pending as to count 3, did not make such a material amendment as opened the petition to demurrer, and that the court below erred in entertaining the second demurrer. The law of the case was fully settled by the ruling of the court on the first demurrer, which was not excepted to. We must, therefore, reverse the judgment of the court below on the cross-bill of exceptions, and dismiss the main bill of exceptions. "Where the controlling question in a case is presented by a cross-bill of exceptions and the judgment of the lower court thereon is reversed, the writ of error issued upon the main bill of exceptions will be dismissed." *Betts-Evans Trading Co.* v. *Bass, 2 Ga. App.* 718 (59 S. E. 8).

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed.*