22341. GENERAL TIRE & RUBBER CO. *v.* BROWN TIRE CO. INC.

SUTTON, J. 1. The plaintiff having elected to sue out a direct bill of exceptions to this court complaining of the judgment of the court overruling its demurrers to the answer, and such direct bill of exceptions having been withdrawn by order of this court providing that the judgment of the court below "stand affirmed," it can not, in a subsequent direct bill of exceptions, complaining of a verdict rendered against it on the trial of the case, assign error on the judgment overruling its demurrers to the answer. A party can not sue out two bills of exceptions complaining of the same judgment. This is true although the first bill of exceptions is withdrawn by the plaintiff in error before the second bill of exceptions is sued out. *Bank of the State of Georgia* v. *Citizens Bank*, 66 *Ga.* 752; *Williams* v. *Clark*, 70 *Ga.* 405; *Perry* v. *Central Railroad*, 74 *Ga.* 411 (3); *Marshall* v. *Livingston*, 77 *Ga.* 21 (5); *Greer* v. *Holdridge*, 86 *Ga.* 791 (13 S. E. 108); *Beck & Gregg Hardware Co.* v. *Crum*, 127 *Ga.* 94 (56 S. E. 242); *Bateman* v. *Gunn*, 31 *Ga. App.* 485 (120 S. E. 703); *Taylor* v. *Taylor*, 43 *Ga. App.* 472 (159 S. E. 290). In these circumstances this court can not consider the action of the trial court in overruling plaintiff's demurrers to the answer. The action of the trial court in this matter has been finally adjudicated. This ruling applies to the exceptions pendente

lite filed on December 5, 1931, at the time the first bill of exceptions was sued out, such exceptions pendente lite assigning error on the judgment complained of in the first direct bill of exceptions.

2. The amendment filed to the answer and cross-action filed March 2, 1932, did not set up any new defense or add any new cause of action or change the same. It was, when considered in connection with the allegations of the cross-action, germane to the theory of the defendant's case as made by the pleadings. The value of the contract to the defendant in this case was the amount of net profits which it could realize by reason of doing business thereunder. This amendment was a general statement of the particular items of damage set up in the cross-action. The defendant had previously alleged that it had built up a lucrative gasoline and oil trade by reason of its contract with the plaintiff, and that it had built up a successful tire agency through its connection with the plaintiff. We are of the opinion, therefore, that this amendment did not seek to set up any new defense or to add a new cause of action or change the same in any way.

(a) The judgment of the court on the demurrers to the answer became the law of the case until set aside by proper exceptions in this court, and the amendment to the answer, made subsequently to this judgment, not changing the cause of action or defense, the answer and cross-action was not again open to the original demurrers urged against it. Civil Code (1910), § 5652; *Central of Ga. Ry. Co.* v. *Waldo*, 6 *Ga. App.* 840 (65 S. E. 1098); *Gibson* v. *Thornton*, 107 *Ga.* 545 (33 S. E. 895).

(b) Moreover, under the above section of the code, while an amendment made by the opposite party may open the pleadings to demurrer anew, it does not open them to new rulings upon the identical questions previously adjudicated in the same case. *Central of Ga. Ry. Co.* v. *Waldo*, supra; *Equitable Manufacturing Co.* v. *Hill-Atkinson Co.*, 17 *Ga. App.* 494 (2) (87 S. E. 715).

3. Where, in a case tried before a jury upon issues of fact, the losing party made no motion for new trial, but brought the case to this court by a direct bill of exceptions, and no brief of the evidence was sent up or incorporated in the bill of exceptions, the judgment will not be reversed on an assignment of error in the bill of exceptions that the court erred in admitting certain testimony, which is incorporated in, the bill of exceptions, where it does not appear that this ruling necessarily controlled the verdict against the plaintiff in error. *Anderson* v. *Wyche*, 126 *Ga.* 393 (55 S. E. 19); *Cox* v. *Macon Railway & Light Co.*, 126 *Ga.* 398 (55 S. E. 232); *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321).

(a) In order that a reversal may be had where a case is brought to this court not as a whole, but by direct bill of exceptions, assigning error on particular rulings, it must appear that "the judgment, decree, or verdict has necessarily been controlled"—not possibly affected, but necessarily controlled—by such rulings. "It is not every error, but only necessarily controlling rulings, which may be segregated from the case, stripped from their surroundings, and brought to this court alone as successful grounds for reversal." *Henderson* v. *State*, 123 *Ga.* 739, 749 (51 S. E. 764).

(b) The evidence objected to was that of one witness for the defendant as to the value of the contract to the defendant and the items of damage,

and the trial judge certifies that such excerpt "from the evidence set forth in the bill of exceptions constitutes only a small fraction of the evidence introduced in the case by the defendant at the trial on the subject of damages and the value of the contract alleged to have been breached." It therefore appears that the ruling of the trial judge admitting such testimony did not necessarily control the verdict, there being far more evidence upon the same subject introduced on the trial of the case.

(c) Moreover, it appears from the certificate of the trial judge that the plaintiff examined the witness fully on cross-examination as to the same matters as were brought out by the defendant on direct examination, and to which the plaintiff objected, and in the bill of exceptions assigns error on the admission thereof. In these circumstances the refusal of the court to rule out this testimony, if error for any of the reasons urged, was not reversible error. *City of Atlanta* v. *Hawkins*, 45 *Ga. App.* 847, 849 (166 S. E. 262).

4. A motion for a new trial is indispensable to test the sufficiency of the evidence to support the verdict. *Mackin* v. *Blalock*, 133 *Ga.* 550 (66 S. E. 265, 134 Am. St. R. 220). There being no brief of the evidence sent up in this case, and the assignments of error upon rulings made pendente lite having been dealt with and disposed of, the only exception to pass upon is the one that the verdict and judgment are contrary to law, and such an exception under the facts of this case presents nothing for consideration by this court. *Rodgers* v. *Black*, 99 *Ga.* 142 (29 S. E. 20); *Holsey* v. *Porter*, 105 *Ga.* 837 (31 S. E. 784); *Newberry* v. *Tenant*, 121 *Ga.* 561 (49 S. E. 621); *Henderson* v. *State*, supra; *Anderson* v. *Wyche*, supra; *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (2) (146 S. E. 473); *Mobley* v. *Ellis*, supra.

5. It follows from the rulings herein made that the court properly overruled the plaintiff's demurrer to the amendment to the answer and cross-action; and as there can be no judgment of reversal in this case on any of the assignments of error, or upon the exception that the verdict and judgment are contrary to law, the verdict and judgment will stand affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided January 12, 1933. Adhered to on rehearing, March 3, 1933.

552

*Bright, Theus & Brannen,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence, H. Mercer Jordan,* for defendant.