No. 9284. MAY 12, 1933.

## CARDER, executrix, *v.* ARUNDEL MORTGAGE COMPANY.

No. 9306.   MAY 12, 1933.

*A. A. Baumstark, Ben F. Taylor,* and *Paul Ginsberg,* for plaintiff in error.

*G. S. Peck,* contra.

BELL, J.   The following question was certified by the Court of Appeals: "Where the trial of a case commenced during the September term 1931, of the city court of Atlanta (which is not required to have vacation between its terms, under section 4877 of the Civil Code), before the trial judge sitting, by consent of the parties, without the intervention of a jury, at which term the evidence was concluded and arguments thereon heard, and the court, without a previous order authorizing same and without consent of the parties, withheld rendition of the judgment therein until the immediately succeeding November term, is such judgment void for lack of authority in the trial judge to render same after adjournment of the September term?   See Civil Code, § 4854; *Patterson* v. *Hendrix,* 72 *Ga.* 204; *Brinkley* v. *Buchanan,* 55 *Ga.* 342, 345; *Walker* v. *Equitable Mortgage Co.,* 114 *Ga.* 862; *Coulson* v. *State,* 13 *Ga. App.* 148; 15 Corpus Juris, 886, § 240; *Wright* v. Northwestern Union Ry. Co., 37 Wis. 391; *Corey* v. Richardson, 191 S. W. 568."

The act creating the city court of Atlanta confers authority upon the judge of that court to hear and determine civil cases without a jury unless a trial by jury is demanded by one of the parties.   Ga. L. 1871, p. 56, § 62.   Where no such demand is made, the jurisdiction to try the facts which might otherwise be vested in a jury attaches as a matter of law to the office of the judge, and his authority to exercise the functions of both judge and jury is not dependent upon any agreement or consent of the parties.   *Pelham Mfg. Co.* v. *Powell,* 8 *Ga. App.* 38 (1 *d*) (68 S. E. 519).   Hence, the fact that the trial judge was sitting by consent of the parties without the intervention of a jury may be disregarded so far as the question of jurisdiction is concerned.   It appears that the trial began at the

September term, and that after "the evidence was concluded and arguments thereon heard" the court, without a previous order "authorizing same, and without consent of the parties, withheld rendition of the judgment therein until the immediately succeeding November term." This language is construed to mean that the judgment was rendered during the November term. The question then is, was the judgment void because it was not rendered during the term at which the trial began, but was rendered at the next succeeding term, where the action of the trial judge in deferring judgment was not expressly authorized by any previous order, or by the consent of the parties? This question should be and is answered in the negative. The judgment was rendered during a regular term of the court. The presumption is that the court was duly organized and constituted. With respect to the particular case, the trial judge had full jurisdiction, being himself authorized to exercise the functions of both judge and jury. The Court of Appeals does not ask for instruction as to whether the judgment might be merely erroneous or voidable for want of a previous order or an agreement of the parties to the effect that judgment might be withheld until the next succeeding term, and we express no opinion upon that question. The fact that neither of these conditions existed did not affect the court's jurisdiction so as to make the judgment void, where it was finally rendered in term.

The Civil Code, § 4854, provides that "judges can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation." This provision has no bearing upon the question here presented, because the judgment was not rendered in vacation. The same is true of the first three decisions referred to by the Court of Appeals. Two of the remaining decisions (*Coulson* v. *State,* and Wright *v.* Northwestern Union Ry. Co.) dealt with cases in which jury trials were carried forward into new terms, and the reasons underlying those decisions do not apply in a case like the present. The other authorities cited by the Court of Appeals do not militate against the conclusion which we reach upon the facts stated in the question.

In 7 R. C. L. 989, § 16, it is stated that "when a regular term of court has expired or determined by operation of law, or by adjournment to the next succeeding regular term thereof, all business

therein, not otherwise disposed of, is continued, by operation of law, to the next regular term." See also 15 C. J. 883, § 231; Walker v. Moser, 117 Fed. 230. In *Revels* v. *Kilgo,* 157 *Ga.* 39 (121 S. E. 209), this court, speaking through Mr. Justice Hines, said: "While this court has ruled that the judge of the superior court has no authority to entertain in vacation a motion to set aside a judgment of that court, and is without jurisdiction to render judgment on such motion in vacation (*Haskins* v. *State,* 114 *Ga.* 837, 40 S. E. 997; *U. S. Fidelity & Guaranty Co.* v. *First National Bank,* 149 *Ga.* 132, 99 S. E. 529), and that an order or judgment so passed may be collaterally attacked (*Callaway* v. *Irvin,* 123 *Ga.* 344, 51 S. E. 477.), and that such order or judgment will not operate as res adjudicata in a subsequent suit touching the same subject-matter in a court of competent jurisdiction (*Dix* v. *Dix,* 132 *Ga.* 630, 64 S. E. 790), the judgment attacked in this case was one passed in term time, and, although passed in a proceeding begun in vacation, was not null and void for lack of jurisdiction of the judge to pass the same. The hearing of the motion being had, and the judgment being rendered in term time, made the proceeding a matter in term; and if the original proceeding was a bastard in the law, it was duly adopted by the judge in term time, and its legitimacy was thus fully established." The principle ruled in that case would seem to be decisive of the question propounded by the Court of Appeals. See also *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355).

*Answer in negative. All the Justices concur.*