22105. CARDER, executrix, v. ARUNDEL MORTGAGE CO.

DECIDED AUGUST 4, 1933.

*A. A. Baumslark, Ben F. Taylor Jr., Paul Ginsberg,* for plaintiff in error.

*G. S. Peck,* contra.

GUERRY, J. Mrs. Margaret Kimbro died leaving a will by which her property was equally divided among her five children. One of the children, Mrs. Carder, was named as executrix. The estate consisted of a described house and lot in Atlanta. The plaintiff in this case held a judgment against one of the heirs and had a garnishment issued and served on the executrix, requiring her to answer the amount due that heir. She answered not indebted, and this answer was traversed. By agreement of counsel the issue was submitted to the trial judge sitting without a jury. It was shown that the executrix, under an order of the court of ordinary, put up and sold at public outcry the house and lot belonging to the estate and sold the same for $3000 to A. S. Kimbro as the highest bidder for cash. The property was sold subject to a loan of $2000. A deed was made in accordance with the sale and possession was

surrendered to the purchaser. The garnishee attempted to show that because the property was an estate then being administered, the original loan on the property could not be renewed by the loan company, and the sale was made in order that the purchaser, who was also an heir, might renew the loan in his own name, which he did for the sum of $2250. The purchaser thereafter deeded a half interest in the property to Mrs. Carder, the executrix. After the close of the testimony the court took the case under advisement and at the next succeeding term rendered judgment in favor of the traverse and against the executrix for the amount due the said heir by her.

■ In *Carder* v. *Arundel Mortgage Co.*, 177 *Ga.* 74 (169 S. E. 302), the Supreme Court held, in answer to a certified question from this court, which arose out of the case here considered, that "Where the trial of a case commenced during the September term, 1931, of the city court of Atlanta (which is not required to have vacation between its terms, under the Civil Code, § 4877), before the trial judge sitting, by consent of the parties, without the intervention of a jury, at which term the evidence was concluded and arguments thereon heard, and the court, without a previous order authorizing the same and without consent of the parties, withheld rendition of the judgment therein until the immediately succeeding November term, such judgment was not void for lack of authority in the trial judge to render it after adjournment of the September term." Therefore, in view of the above answer the judgment rendered by the court below at the next succeeding term after the term at which the case was heard was not void.

■ "Recitals in a deed of the receipt of the purchase-money does not estop the maker from denying the fact and proving the contrary." Civil Code, § 4188. A grantor in a deed may deny the receipt of the purchase-money recited in the deed. However, under the Civil Code, § 5736, "Presumptions of law are sometimes conclusive, and an averment to the contrary will not be allowed. These are termed estoppels, and are not generally allowed. Among these are . . recitals in deeds, except payment of purchase-money, as against the grantor acting in his own right, and sui juris, and his privies in estate, blood, and in law." In the case of *Gammage* v. *Perry*, 29 *Ga. App.* 427 (116 S. E. 126), the 8th headnote is as follows: "While the consideration of a deed may

always be inquired into when the principles of justice require it, and while the recital in a deed of the receipt of purchase-money does not estop the maker from denying the fact and proving the contrary, these principles will not allow an administrator to dispute the truth of a solemn recital contained in his deed that the property was exposed for sale and that the highest bid was a stated sum, and that he sold the property therefor. He may deny that he has received the proceeds of the sale, but can not deny the truth of the recital that the property was sold at public outcry for a stated sum." Judge Bell, in the opinion, said: "It is true that 'the consideration of a deed may always be inquired into when the principles of justice require it' (Civil Code, § 4179), but it is questionable whether the principles of justice require it under the facts here disclosed. It is also true that 'the recital in a deed of the receipt of the purchase-money does not estop the maker from denying the fact, and proving the contrary.' Civil Code, § 4188. These principles, however, afford no reason for holding that the administrator is not bound by the recital in his deed to Ethridge that he exposed the property for sale, and that Ethridge bid the sum of $8000 therefor; that this was the highest and best bid and that he accordingly sold the property to Ethridge for that sum. . . The administrator may show that Ethridge has not paid, *but this does not relieve him from liability to the estate therefor*. [Italics ours.] It was his duty to collect the amount of the bid upon the delivery of his deed. . . It is perfectly clear to us that the administrator does not support his answer to the garnishment, of no indebtedness, by proving that he never received the consideration which was recited in his deed to Ethridge, when his failure was because of an illegal agreement not to do so. Instead of establishing his answer he rather disproves it."

In the instant case, the garnishee recited in her deed that the land was exposed for sale at public outcry and that the purchaser was the highest bidder for cash and it was sold to him and a deed was made and possession delivered. If the defendant, the executrix of the estate, failed to collect the money under the terms of such sale, she is nevertheless responsible to heirs and creditors of the estate for an accounting of the proceeds. Especially is this true where it appears that the purchaser at the sale has since that time deeded a half interest in said land to the executrix. The court

properly gave judgment in favor of the garnishing creditor of such heir, for the share of such heir shown to be due under a proper accounting.

■ Headnote 3 needs no further discussion.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*