FEDERAL LAND BANK OF COLUMBIA *v.* UNITED
STATES FIDELITY AND GUARANTY COMPANY *et al.*

No. 12696.   April 13, 1939.   Rehearing denied May 11, 1939.

*E. L. Smith, Harry D. Reed, G. Stokes Walton,* and *Julian Webb,* for plaintiff in error.

*Leonard Farkas, Walter H. Burt,* and *R. J. Bacon,* contra.

Grice, Justice.   There is a motion to dismiss the writ of error.   To a suit wherein the United States Fidelity and Guaranty Company was plaintiff, and the Federal Land Bank of Columbia et al. were defendants, a verdict was rendered and a decree entered thereon.   Without filing a motion for new trial or a brief of the evidence, the bank's counsel insists that the recitals in the bill of exceptions and the record make applicable the provisions of the Code, § 6-804.   That section reads as follows:   "In any case where

the judgment, decree, or verdict necessarily has been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or verdict, and to assign error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the appellate court to clearly understand the ruling, order, decision, or charge complained of." The ruling sustaining the plaintiff's demurrer addressed to several portions of the bank's answer did not necessarily control the verdict or decree. The whole answer was not stricken. The case was not in default. The court did not by its ruling take the case away from the jury. They may have "entered into and affected the further progress of the case" (and this is the language of the plaintiff in error, taken from the case of *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353, 58 S. E. 1047) ; but antecedent rulings must have been such as did necessarily control the verdict and decree. The ruling in the *Lyndon* case did not deal with the question whether the antecedent ruling was controlling, but only with the sufficiency of the assignment of error on the final judgment. In order to come within the provision of the Code, § 6-804, the rulings on the demurrer must not only have in some degree entered into and affected the further progress of the case, but must have been such rulings as necessarily controlled the verdict and final decree. "It is not every error, but only necessarily controlling rulings which may be segregated from the case, stripped from their surroundings, and brought to this court alone as successful grounds for reversal." *Henderson* v. *State*, 123 *Ga.* 739, 749 (51 S. E. 764). See *Western & Atlantic R. Co.* v. *Callaway*, 111 *Ga.* 889 (3) (36 S. E. 967).

It is argued that the sustaining of the plaintiff's demurrer to those parts of the bank's answer to which it was addressed, while not controlling on all the issues, was controlling on a vital issue in the case. Compare *Childs* v. *New England Mutual Life Insurance Co.*, 184 *Ga.* 637, 640 (192 S. E. 433), a case easily distinguishable on its facts. Some of the rulings on the demurrer interposed by the plaintiff to a portion of the amended answer of the bank did strike down certain vital contentions of the bank, which ruling

standing alone would have been controlling on one of the vital issues in the case; but in substance the same facts are affirmatively pleaded in the plaintiff's petition, although the plaintiff asserts that one conclusion follows therefrom, while the defendant bank insists that a contrary legal effect flows therefrom. Since, for reasons hereinafter appearing, we can not pass upon the rulings in not sustaining the bank's demurrer to these allegations of the plaintiff, they must stand, and they preclude us from reversing the rulings of trial court on the demurrer of the plaintiff to the amended answer of the bank, even if upon a consideration thereof we should reach the conclusion that error has been committed, and should further conclude that it would be sufficient to bring the case under the provisions of the Code, § 6-804, above quoted, if only one of the rulings on the demurrer was addressed to one of the vital issues.

■ We can not consider the ruling of the court on the bank's demurrer to the petition. The demurrer covers ten pages of the record, and contains twenty-one numbered paragraphs. It is not designated by the demurrant as a general demurrer, or as a special demurrer, nor are any of the grounds so designated. The judge in passing upon the same entered an order "overruling the special demurrers of defendant bank," without specifically mentioning any ground, or otherwise indicating which of the grounds he meant. The bill of exceptions, after reciting that "the court overruled the general demurrers of the Federal Land Bank on November 22, 1937, and no exceptions were taken," refers to the order of the court "overruling its special demurrers to the petition as amended." The exceptions pendente lite recite that "the court did overrule this defendant's special demurrers to plaintiff's petition." An examination of the demurrer discloses that as to several of the numbered paragraphs therein it is not easy to classify them as to whether they should be considered general or special. Neither the bill of exceptions nor the record discloses which of the demurrers the judge or counsel for the plaintiff in error considered as special. The bill of exceptions, so far as concerns the bank's demurrer, is fatally defective in that there is no compliance with the requirement of the Code, § 6-901, that it shall plainly specify the errors complained of. *Clark* v. *State,* 68 *Ga.* 784; *Mayor &c. of Brunswick* v. *Moore,* 74 *Ga.* 409; *Thornton* v. *Ferguson,* 133 *Ga.* 825 (4) (67 S. E. 97, 134 Am. St. R. 226) ; *Pepper* v. *Pepper,* 169 *Ga.* 832 (152 S. E. 103).

It makes no practical difference whether, under this record, the proper judgment to be rendered is one of affirmance or dismissal. The result is the same. Compare Ray v. Morgan, 112 Ga. 923 (2) (38 S. E. 335); Darien Bank v. Clarke Lumber Co., 112 Ga. 947 (2), 951 (38 S. E. 363); Cable Co. v. Parantha, 118 Ga. 913 (45 S. E. 787); Anderson v. Wyche, 126 Ga. 393 (55 S. E. 19); Western & Atlantic R. Co. v. Callaway, 111 Ga. 889 (36 S. E. 967).

*Judgment affirmed. All the Justices concur.*