28835.   CHILDS *v.* SOUTHERN RAILWAY COMPANY.

280

*Burress & Dillard, David A. Pirkle Jr.,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

BROYLES, C. J.   Childs sued the Southern Railway Company for the alleged negligent homicide of his wife at a railroad crossing. The petition contained 27 paragraphs, and paragraph 27 contained subparagraphs (a), (b), (c), (d), (e), (f), (g), and (h).   Said subparagraphs (f), (g) and (h) were stricken on special demurrer, and that ruling was excepted to pendente lite and assigned as error in the bill of exceptions.   The case proceeded to verdict and judgment for the defendant, and that ruling was assigned as error in a direct bill of exceptions, no motion for new trial being made. The assignment of error on the ruling upon the demurrer was as follows:   Plaintiff in error "alleges that the order of the court sustaining said grounds of demurrer, as set out in said exceptions pendente lite, was contrary to law, and he assigns error on said ruling . . as being contrary to law."   The assignment of error on the final judgment reads as follows:   Plaintiff in error "assigns error upon said verdict of the jury and the judgment of the court entered thereon as being contrary to law.   He alleges that because of the ruling on said demurrer he was deprived of proving said allegations of negligence stricken from his pleadings, and that the verdict and judgment, rendered after said demurrer was erroneously sustained, were contrary to law."

In *Federal Land Bank* v. *U. S. Fidelity &c. Co.,* 188 *Ga.* 138 (2 S. E. 2d, 916), the court ruled as follows:   "In order for the court to be empowered to pass upon an assignment of error, where there has been a verdict and no motion for new trial, the antecedent ruling, under the terms of the Code, § 6-804, must have been one which necessarily controlled the verdict, judgment or decree." See also, to the same effect, *McRae* v. *Boykin,* 50 *Ga. App.* 866 (179 S. E. 535), and *McDaniel* v. *Atlanta Coca-Cola Co.,* 60 *Ga. App.* 92, 98 (2 S. E. 2d, 810).   In the *Federal Land Bank* case, supra, the court said:   "The ruling sustaining the plaintiff's demurrer addressed to several portions of the bank's answer did not

necessarily control the verdict or decree. The whole answer was not stricken. The case was not in default. The court did not by its ruling take the case away from the jury. They [the rulings] may have 'entered into and affected the further progress of the case' (and this is the language of the plaintiff in error, taken from the case of *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353, 58 S. E. 1047) ; but antecedent rulings must have been such as did necessarily control the verdict and decree. The ruling in the *Lyndon* case did not deal with the question whether the antecedent ruling was controlling, but only with the sufficiency of the assignment of error on the final judgment. In order to come within the provision of the Code, § 6-804, the rulings on the demurrer must not only have in some degree entered into and affected the further progress of the case, but must have been such rulings as necessarily controlled the verdict and final decree." It will be observed that the Supreme Court in that case clearly distinguished the ruling there made from the ruling in the *Lyndon* case, and the same distinguishment applies to the instant case, where the assignment of error on the final judgment is sufficient, but where the assignment of error on the antecedent ruling on the special demurrer was insufficient in that it did not allege, nor did the record show, that the sustaining of the demurrer necessarily controlled the verdict and the final judgment. As said by the Supreme Court in the *Federal Land Bank* case, supra: "It makes no practical difference whether, under this record, the proper judgment to be rendered is one of affirmance or dismissal. The result is the same."

*Judgment affirmed. Gardner, J., concurs.*

MacIntyre, J., dissenting. The plaintiff in error is seeking to invoke the ruling of this court on a preliminary ruling during the progress of the trial of the case (he having preserved his right by filing exceptions pendente lite), and on that question only, which was whether the judge erred in sustaining a demurrer to three subparagraphs, f, g, and h, of paragraph 27 of the petition setting forth distinct acts of negligence. The bill of exceptions recites: "Said court passed an order sustaining paragraphs 4, 5, and 6 of defendant's demurrer and striking subparagraphs f, g, and h of paragraph 27 of the plaintiff's petition filed in said case." The exceptions pendente lite recite: "There came on for a hearing a demurrer filed by the defendant to plaintiff's petition filed in the

above-styled case, and after argument the court entered the follow-
ing order sustaining some of the grounds of demurrer filed by the
defendant: 'The following demurrers hereby overruled, viz.: 1, 2,
3. The following demurrers hereby sustained, viz.: 4, 5, 6. [These
demurrers were to subparagraphs f, g, and h of paragraph 27 of
the petition, respectively]. This June 14, 1939. Hugh M. Dorsey,
Judge, Fulton S. C.' To said judgment and order of the court,
sustaining paragraphs 4, 5, and 6 of defendant's said demurrer,
plaintiff then and there excepted and now excepts pendente lite,
and says that the court erred in sustaining paragraphs 4, 5, and 6
of defendant's said demurrer, and that his so doing was error, and
defendant assigns error thereon pendente lite." The case proceeded
to a verdict and judgment in favor of the defendant and a final
determination of the case. The bill of exceptions further recites:
"The plaintiff in said case, Randolph R. Childs, alleges that the
order of the court sustaining said grounds of demurrer, as set out
in said exceptions pendente lite, was contrary to law, and he assigns
error on said ruling as set out in said exceptions pendente lite as
being contrary to law. Said Randolph R. Childs assigns error upon
said verdict of the jury and the judgment of the court entered
thereon as being contrary to law. He alleges that because of the
ruling on said demurrer he was deprived of proving said allega-
tions of negligence stricken from his pleadings, and that the verdict
and judgment rendered after said demurrer was erroneously sus-
tained were contrary to law." I think these exceptions were suffi-
cient under the decision in *Lyndon* v. *Ga. Ry. & El. Co.*, supra, in
that it appears from the bill of exceptions that the trial of the case
resulted in a verdict for the defendant, and that the preliminary
or antecedent ruling on the demurrer striking some of the acts of
negligence alleged in the petition, when on demurrer these allega-
tions are presumed to be true (*Slade* v. *Slade,* 155 *Ga.* 851, 855,
118 S. E. 645), must necessarily have controlled the verdict even
though the words "controlled" or "necessarily controlled" the ver-
dict were not expressly used; for if any one of the stricken allega-
tions of negligence was true the verdict presumptively would be for
the plaintiff, and thus would be presumptively controlled against
the defendant and for the plaintiff. *Federal Land Bank of Colum-
bia* v. *U. S. Fidelity & Guaranty Co.,* 188 *Ga.* 138, supra, is dis-
tinguishable on its particular facts from the instant case.