The court's refusal to sustain the demurrer to paragraph 3 of the defendant's answer rendered further proceedings nugatory. The judgment is reversed because of this error. None of the other assignments of error are considered.
 DECIDED FEBRUARY 26, 1946.
Mrs. Fannie Jewell (Mrs. J. C.) Shahan sued American Telephone Telegraph Company in Walker County. The petition alleged that the defendant had injured and damaged the plaintiff in the sum of $1932.85; that she owned certain lands in Walker *Page 512 
County, deeded to her by her husband on January 17, 1942 (exhibit attached to declaration), and on July 17, 1942, executed and delivered to the defendant an easement one rod wide over lots 134, 135, and 154 in the 26th district, 3rd section of Walker County, which was signed by Mr. and Mrs. J. C. Shahan. The petition further alleged that on December 1, 1942, in digging a 2-1/2 to 3-foot ditch and laying cables and wires, the defendant used large tractors and trailers, and operated them over her lands when they were wet and muddy; that, in fording the creek on said lands, the defendant in extricating a tractor from the mud broke and destroyed the bank of the creek and did not repair it; that on the next day it rained, and said creek overflowed and damaged her land, etc. In addition to damage to the lands, $150 was sought as damages to crops planted, etc.
In addition to denying material paragraphs of the petition, the answer of the defendant alleged in paragraph 3: "Answering paragraph 4, this defendant says that for want of sufficient information it can neither admit nor deny the same, but avers that all of its dealings with respect to the easement across the properties were with J. C. Shahan, and it did not know what, if any, part of the land was owned by the wife of J. C. Shahan; but at the time the easement was made it was informed and believed that there was no deed of record from J. C. Shahan to the plaintiff herein; and this defendant further avers that, while there was pending in the United States District Court for the Northern District of Georgia an action brought by this defendant against J. C. Shahan to enjoin him from interfering with an electrical connection between its repeater station and the power line of the North Georgia Electrical Membership Corporation, J. C. Shahan, the husband of the plaintiff herein, agreed with this defendant that, in consideration of the sum of Three Hundred ($300.00) Dollars, he would release this defendant from all damages which might arise by reason of the initial construction of a line of telegraph on, in, under, and across the lands of the said J. C. Shahan in Walker County, Georgia, under the authority of grants of easement theretofore executed. This release was executed on the 18th day of November, 1942, and a copy of the same is hereto attached, marked exhibit A and made a part of this answer. That the said payment of Three Hundred ($300.00) Dollars was made in the belief at the *Page 513 
time of the payment that J. C. Shahan was the owner of all of the said land, and defendant had no knowledge of the execution of any conveyance by said J. C. Shahan to the plaintiff herein, and believed that all damages for the original construction of the said line, for which this suit is brought in part, had been settled and disposed of by virtue of the said receipt and release." The receipt, exhibit A, attached to the answer, is as follows: "$300.00. Received of American Telephone and Telegraph Company the sum of $300.00, in consideration of which I, the undersigned, hereby release and discharge the said company, its successors or assigns, their respective servants, agents, employees, or contractors from liability to pay the undersigned any damages which may arise from the initial construction by said company, its successors or assigns, their respective servants, agents, employees [sic], or contractors, of lines of telephone and telegraph on, in, under, and across lands of undersigned in the County of Walker, State of Georgia, under the authority of grants of easement heretofore executed by undersigned. Provided, however, that such construction shall be carried on by said company, its successors or assigns, their respective agents, servants, employees, or contractors in a careful and workmanlike manner. Witness my hand and seal this 18th day of November, 1942, /s/ J. C. Shahan."
The plaintiff filed the following demurrers to paragraph 3 of the answer: "(1). Plaintiff specially demurs to paragraph three of the answer, except the following: `Answering paragraph 4, this defendant says that for want of sufficient information it can neither admit nor deny the same,' upon the following grounds: (a) That the same sets forth no defense to plaintiff's cause of action. (b) It is not shown or alleged how, or in what way, plaintiff would be bound by the acts of J. C. Shahan. (c) That the same are immaterial and irrelevant to any issue involved between the parties hereto. (d) That the same is contrary to, and in contradiction of, exhibit attached to plaintiff's petition as exhibit `B,' and which is admitted in its answer, showing that defendant did have knowledge that plaintiff did claim an interest in said lands, and it had her to sign and execute its easement thereto, and that it cannot be heard to deny same. (e) That it affirmatively appears that plaintiff was not a party to the action referred to, and that any settlement thereof was with J. C. Shahan and not plaintiff *Page 514 
and she would not be bound thereby. (f) That any erroneous belief on the part of defendant as to the ownership of said lands would not constitute a defense as against this action. (g) That it is not alleged or set forth in said answer what lands were involved in the action referred to in said paragraph. (h) That it is not alleged how, or in what way, plaintiff would be bound by the facts alleged, or that the same would be in settlement or payment of her claim of damage."
The court overruled the above demurrer, to which ruling the plaintiff excepted pendente lite. The trial resulted in a verdict for the plaintiff in the sum of $150. The plaintiff's motion for new trial was overruled, and she excepts to that judgment and the overruling of her demurrer to paragraph 3 of the answer.
1. The court erred in overruling the plaintiff's demurrers to paragraph 3 of the answer, contained in subparagraphs (a), (b), (c), (e), (f), (g), and (h) of paragraph I. It was evidently the intention of the defendant to plead that the plaintiff was estopped to sue for the damages sought in the instant suit, for the reason that she knew that the defendant had settled with her husband for the identical damages when under the impression or with the idea that the property belonged to the husband. The plea falls short, however, in that no facts are alleged which would make the acts of the husband binding on the plaintiff, or estop her on the theory that she stood silently by and permitted the defendant to treat the land as her husband's, etc. The mere fact that the defendant thought that the land belonged to the plaintiff's husband in and of itself would not estop her from prosecuting the action. Nor would the mere fact that the defendant did not know that the husband had previously deeded the property to the wife estop her. The failure of the court to sustain the demurrer, in the absence of amendment, rendered further proceedings nugatory. Nearly all of the grounds of the amended motion deal with questions arising from the failure to sustain the demurrer. Since it is not clear just what questions will arise on another trial, none of those questions will be now decided.
The court erred in overruling the demurrer, as hereinbefore ruled.
Judgment reversed. Sutton, P. J., and Parker, J., concur. *Page 515