440

36797.   HOVSEPIAN *v.* BROWN *et al.*, Trustees.

DECIDED SEPTEMBER 9, 1957—REHEARING DENIED
OCTOBER 4, 1957.

*Gilbert E. Johnson,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy, Samuel L. Cann,* contra.

NICHOLS, J.   "The Code, § 6-804, declares: 'In any case where the judgment, decree or verdict necessarily has been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or verdict, and to assign error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the appellate court to clearly understand the ruling, order, decision, or charge complained of.'   In *Western & Atlantic R. Co.* v. *Callaway,* 111 *Ga.* 889 (36 S. E. 967), this court said: 'When a party against whom a verdict has been rendered, without moving for a new trial, sues out a direct

bill of exceptions, he must, in order to obtain a reversal of the judgment, show not only that error was committed, but also that the adverse verdict was a necessary result thereof.' 'In order that a reversal may be had where a case is brought to this court, not as a whole, or after a motion for a new trial has been made and overruled, but by direct bill of exceptions, merely bringing up and assigning error on particular rulings, it must appear that "the judgment, decree, or verdict has necessarily been controlled"—not possibly affected, but necessarily controlled—by such rulings.' *Anderson* v. *Wyche*, 126 *Ga.* 393, 397 (55 S. E. 19). Mr. Justice Grice, speaking for the court in *Federal Land Bank of Columbia* v. *United States Fidelity &c. Co.*, 188 *Ga.* 138 (2 S. E. 2d 916), said: 'In order to come within the provision of the Code, § 6-804, the rulings on the demurrer must not only have in some degree entered into and affected the further progress of the case, but must have been such rulings as necessarily controlled the verdict and final decree. "It is not every error, but only necessarily controlling rulings which may be segregated from the case, stripped from their surroundings, and brought to this court alone as successful grounds for reversal." ' See also *Ray* v. *Morgan*, 112 *Ga.* 923 (38 S. E. 335); *Cable Co.* v. *Parantha*, 118 *Ga.* 913 (45 S. E. 787); *Henderson* v. *State*, 123 *Ga.* 739, 749 (51 S. E. 764). And before the provisions of the Code, § 6-804, are applicable, the record, or course, must show that the antecedent ruling complained of necessarily controlled the verdict and final judgment; a mere recital of such a contention in the bill of exceptions is not alone sufficient to confer jurisdiction on this court to consider and determine the question presented by the writ of error. *Johnson* v. *Pullen*, 45 *Ga. App.* 171 (164 S. E. 162); *Anderson* v. *Wyche*, supra." *Nail* v. *Nail*, 207 *Ga.* 171, 174 (60 S. E. 2d 749).

In the present case, where the record does not make it appear that the judgment overruling the plaintiff's objection to the amendment to the defendants' answer necessarily controlled verdict and judgment adverse to the plaintiff, this court is without jurisdiction to determine the question presented and the writ of error must be dismissed.

The cases of *Shahan* v. *American Telephone &c. Co.*, 73 *Ga.*

*App.* 511 (37 S. E. 2d 170), and *Millender* v. *Looper,* 82 *Ga. App.* 563 (61 S. E. 2d 573), relied on by the plaintiff, are cases where a motion for new trial was denied, and after reversible error was found on the pleadings, all further proceedings were held to be nugatory.

*Writ of error dismissed. Felton, C. J., and Quillian, J., concur.*